Hillsborough,
No. 5819.

STATE v. PETER T. RICHARD.

Submitted February 5, 1969.
Decided March 20, 1969.

*George S. Pappagianis,* Attorney General, and *Emile R. Bussiere,* county attorney, for the State, filed no brief.

*Richard B. Couser,* for the defendant.

PER CURIAM. Indictment charging the defendant with breaking and entering in the nighttime. Trial by jury before *Keller,* J. resulted in a verdict of guilty. The defendant was represented at the trial by assigned counsel, who preserved certain exceptions in the course of the trial. Reserved and transferred by the Presiding Justice.

In this court the defendant was represented by new counsel, assigned in this court, who sought leave to withdraw, having found the "appeal" to be without merit. Counsel however has filed a brief on the defendant's behalf, referring to matters in the record which "might arguably support the appeal."

Our examination of the record discloses no error. Contentions relating to the sufficiency of the indictment, and to evidentiary rulings at the trial are without merit. There was evidence that the crime was committed on September 2, 1967, and that on the following day the defendant sold the stolen television set to a friend, who so testified at the trial. There was evidence that

after the defendant had been duly advised of his constitutional rights, he "had nothing to say" concerning the break. There was also evidence that he "had nothing to say" when his friend had stated in his presence that he, the friend, had acquired the set from the defendant. The jury was immediately instructed to draw no inference of guilt from the fact that the defendant was unwilling to discuss the matter, because he had a constitutional right to remain silent.

The defendant did not testify at the trial, and the jury was further instructed, in this connection, that he had "a constitutional right to remain silent," that they should draw no inferences from his failure to testify, and that the fact that he remained silent should not be used against him.

On this record, no question of deprivation of the right to confrontation was presented (*State* v. *Clapp,* 94 N. H. 62, 63) since the person who claimed to have acquired the stolen television set from the defendant testified at the trial and was cross-examined by the defendant. *Cf. Bruton* v. *United States,* 391 U. S. 123.

The evidence that the defendant's possession of the stolen goods was unexplained gave rise to no presumption of guilt, but was evidence from which guilt might be inferred by the jury as a matter of fact. *State* v. *Rumney,* 108 N. H. 40, 42, and cases cited. The argument of the prosecutor that the jury should consider the defendant's unexplained possession violated none of his constitutional rights, and was based upon established principles. *Id.* It expressly recognized his "privilege not to take the stand," but urged the jury to consider the absence of any evidence from other sources to explain his possession. *State* v. *Hodge,* 50 N. H. 510; 1 Wig., Evidence (3d *ed.*) *ss.* 152, 153.

The jury was adequately instructed that the defendant's silence could not be used as an admission of guilt, and that his failure to testify could not be used against him.

The order is

*Judgment on the verdict.*

LAMPRON, J., took no part in the decision.