Rockingham,
No. 5932.

STATE

*v.*

JESSE S. FOWLER.

STATE

*v.*

REESE A. FOWLER.

January 30, 1970.

*George S. Pappagianis*, Attorney General and *W. Michael Dunn*, Assistant Attorney General (*Mr. Dunn* orally), for the State of New Hampshire.

*Struffolino, Doherty, Hayes & Malloy* (of Massachusetts) and *Edward E. Williams* (*Mr. Robert E. Hayes* orally), for the defendants.

GRIFFITH, J.  The defendants were both convicted of rape of the complaining witness who was below the age of consent at the time of the alleged offense.  The attorney for Reese Fowler called two witnesses for the defense one of whom was the stepfather of the complaining witness and testified as to her behavior and that she sometimes "told stories."  The other witness was a Jane Jones who testified briefly that she had no knowledge of the complaining witness's reputation in the community for truthfulness.  Jesse Fowler's attorney called no witnesses and neither defendant took the stand.

In argument the county attorney made the following comment: "Now again, what has been offered here — witnesses have taken the stand, the victim has taken the stand here to testify to you, tell her story.  What has been offered here to rebut that testimony?  Jane Jones?  Jane Jones?  What did she tell you?  What did she tell you that you could validly receive here?  Among other things, it was indicated that she was a relative of the defendants.  I ask you to put yourself in the position of, perhaps, the defendants in this case.  If an incident occurred as has been alleged here, how would you go about proving it, or to establish your innocence, if you were innocent, to establish this?"

Neither counsel representing the two defendants objected to this argument but at the conclusion of the argument moved for a mistrial on three grounds, the third of which was stated as

follows: "And thirdly, in his closing the prosecutor said, 'What have the defendants offered in rebuttal?' The defendants are under no duty at all to rebut anything. The burden of proof in this case, as in any criminal case, is on the prosecution. The defense has no duty whatever to rebut. I think this would mislead the jury in that it would seem to them that they could find the defendant didn't do anything, didn't take the stand themselves. There is absolutely no requirement that the defendants enter any rebuttal evidence."

In the colloquy at the bench on defendants' motion the county attorney stated "As far as my comment relative to 'What did they present?' or words to the effect, I was referring to Jane Jones and what evidence has been presented that the State's case was not well founded . . . ." The motion for a mistrial was denied and the only issue before us on appeal is whether the defendants' exceptions to its denial should be sustained on the third ground relied upon.

Comment either by a prosecutor or the court which may be construed as an unfavorable reference to the failure of a defendant to testify is contrary to RSA 516:32 and a violation of defendant's constitutional rights against self-incrimination. *Griffin* v. *California*, 380 U. S. 609, 14 L. Ed. 2d 106, 85 S. Ct. 1229.

Trial counsel with a defendant who does not take the stand in his defense are confronted with the fact that neither the Constitution nor RSA 516:32 guarantees that a jury will not infer guilt from a failure to testify. A Trial Judge after giving the admonition against the inference once bluntly told a jury that the reason for the rule was "because jurors might think that an honest man who had nothing to hide would be glad to come up here and tell his own story." *Brown* v. *Commonwealth*, 335 Mass. 476, 140 N. E. 2d 461. While improper it probably accurately reflected the unspoken thoughts of most jurors in this situation.

Faced with this dilemma counsel may pursue one of two courses. Either have the Court admonish the jury that no inference adverse to the defendant is to be drawn from his failure to testify or request that the Court omit any reference in his charge to defendant's failure to testify. The latter course has been recognized in some jurisdictions as a right of a defendant. *People* v. *Molano*, 253 Cal. App. 2d, 841, Annot. 18 A. L. R. 3d 1335.

If the instruction is relied upon the defendant in effect assumes

that the jury will attempt to follow the admonition of the Trial Court and decide the case properly without reference to the failure of the defendant to testify. The defendant who proceeds with a request to omit the instruction obviously feels that the instruction emphasizes defendant's failure to testify.

In the present case the defendant elected the first course. Counsel for one of the defendants, whose argument preceded that of the county attorney, undertook in his argument to refer to the failure of his defendant to testify; told the jury that nothing against the defendant should be inferred from this, and that the Court would so instruct them. The Trial Court in his charge which immediately followed the county attorney's argument properly instructed the jury that no inference should be drawn.

That the argument of the county attorney was ambiguous is illustrated by defendant counsel's purported quotation from it. In the context of the argument the statement he objected to referred, as the county attorney stated, to the testimony of Jane Jones and was not improper. The last two sentences of the comment quoted were not referred to by defendant's counsel but contained the improper inference. Comments of this sort should be avoided. Had defendant's counsel elected to object immediately they would have been entitled to immediate curative instructions from the Court. *Desmond* v. *United States*, 345 F. 2d 225, ( 1st Cir. 1965 ). However an immediate objection might only have emphasized the improper interpretation to which the ambiguous argument was subject. The defendants had elected to rely upon specific instructions of the Court to protect them from improper inferences. They received such instructions immediately following the argument in the Trial Court's charge. The Court's charge in this case corrected any error in the argument of the county attorney. *United States* v. *Nasta*, 398 F. 2d 283, 285, ( 2d Cir. 1968 ); *Holden* v. *United States*, 388 F. 2d 240 ( 1st Cir. 1968 ).

*Exceptions overruled.*

All concurred.