Hillsborough
No. 6225

STATE OF NEW HAMPSHIRE

v.

ROBERT P. KELLY

May 31, 1973

*Warren B. Rudman,* attorney general, and *Thomas D. Rath,* attorney (*Mr. Rath* orally), for the State.

*Shute, Engel & Frasier (Mr. Francis J. Frasier* orally) for the defendant.

LAMPRON, J.  The issue to be decided is whether it was proper for the prosecutor to comment in his argument to the jury upon the failure of the defendant to call his wife, who was present at the trial, as a witness to support his testimony that he was with her at the time of the alleged crime. Defendant was found guilty of participating in a robbery which occurred at approximately three o'clock in the afternoon of June 1, 1968, at Zayre's, a department store in Manchester. His exceptions, among others, to that part of the argument of the State and to the charge of the Trial Court (*Johnson,* J.) in regard thereto were reserved and transferred.

Employees of the store identified the defendant at trial as being one of the hold-up men. To counter this evidence, defendant testified that at the time of the robbery in Manchester he was at home in Lowell, Massachusetts with his sick wife. Though she was in court throughout the trial, defendant's wife was never called as a witness by either party.

In his final argument the county attorney reviewed the testimony of the witnesses for both sides as well as the other evidence adduced. In commenting on the defendant's case, he stated, "And then we have Mrs. Kelly who sits here and has unenlightened us for her own reasons, whatever they are, as to the whereabouts of Mr. Kelly at three o'clock that afternoon." Defendant maintained that this was improper argument and moved for a mistrial, which motion was denied.

Clearly a criminal defendant is not obliged to call any witnesses or put in any evidence. *United States v. Interstate Eng'r Corp.*, 288 F. Supp. 402 (D.N.H. 1967). The fact that an accused does not choose to testify in his own defense can provide no basis for an adverse inference or comment by the prosecutor. *State v. Richard*, 109 N.H. 322, 251 A.2d 326 (1969); *State v. Fowler*, 110 N.H. 110, 261 A.2d 429 (1970). Usually if a witness equally available to both sides is not called to testify to facts peculiarly within her knowledge, no inference can be drawn that her testimony would have favored one side rather than the other. 2 Wigmore, Evidence § 288 (3d ed. 1940); *see Baker v. Salvation Army*, 91 N.H. 1, 5, 12 A.2d 514, 516-17 (1940).

However, where as in this case the defendant injects into the trial his activities with a potential witness during a certain period of time ostensibly for the purpose of establishing an alibi for the time of the commission of the crime charged, we hold that his failure to call such an available and competent witness (RSA 516:27) is a proper subject of comment on the part of the State. *People v. Sanford*, 100 Ill. App. 2d 101, 241 N.E.2d 485 (1968); *Commonwealth v. Wright*, 444 Pa. 536, 282 A.2d 323 (1971). This is particularly true when the witness is so related to the defendant that it is more probable that the defendant would call her to corroborate his case than that the State would use her to attack it. *People v. Coleman*, 459 P.2d 248, 80 Cal. Rptr. 920 (1969); Note, *The Nature*

*and Consequences of Forensic Misconduct in the Prosecution of a Criminal Case,* 54 Colum. L. Rev. 946, 951 (1954). The trial court correctly denied defendant's motion for a mistrial based on the prosecutor's argument which was proper.

The trial court charged the jury that under our law defendant's wife could have been called as a witness by both the State and the defendant. At the request of the defendant the court further charged that as neither side chose to call her "there should be no inference to you on the fact that she was not called." The court's instructions were more favorable to the defendant than he was entitled to on the facts of this case. *Commonwealth v. Wright,* 444 Pa. 536, 282 A.2d 323 (1971).

*Exceptions overruled.*

All concurred.