Hillsborough
No. 91-191

THE STATE OF NEW HAMPSHIRE

v.

ROBERT BLOW

June 17, 1992

*John P. Arnold,* attorney general (*Donald Feith,* senior assistant attorney general, on the brief), by brief for the State.

*Michael K. Skibbie,* assistant appellate defender, of Concord, by brief for the defendant.

BATCHELDER, J.   The defendant, Robert Blow, was found guilty of the crime of burglary in a jury trial (*Groff,* J.). He asserts that the State introduced insufficient evidence as to whether he was licensed or privileged to enter the premises that were burglarized, RSA 635:1, and that the State impermissibly argued that his post-arrest silence was a basis upon which to find the requisite lack of privilege or license. We affirm.

On July 26, 1990, Vitto's Market, a convenience store located on Bartlett Street in Manchester, was the subject of a burglary. Steven Marshall, who lived across the street, had a "vivid" view of the front of the market from his second floor apartment window. The area in front of the store was lighted by street lights and spotlights. In the early morning hours of July 26, Marshall saw a person in front of the store behaving in a peculiar manner and acting furtively by hiding from the view presented by the headlights of approaching vehicles. Marshall soon thereafter heard the breaking and crashing of glass and saw the same person pulling and breaking jagged pieces of glass

from the frame of the store window. Marshall called the police and then watched the person in question enter the store and look around in the area of the cash register. Upon the arrival of the police, Marshall observed the defendant's arrest.

The defendant concedes that the store was closed at the time of the incident. At the time of his arrest, the defendant said nothing, offering no explanation for his presence in the market. Later that day, however, he told the police that on the night in question, he drove around the city and determined that Vitto's "looked like a good place to break into." He explained that he parked his car, removed a tire iron from it, and broke the glass in the store's front window. He recounted that once inside the store he removed a canister of coins and cigarettes, and upon seeing a police officer, he departed through the rear door.

On appeal the defendant presses two arguments: (1) that the evidence was insufficient to sustain the State's burden of proving his lack of license or privilege to enter the premises; and (2) that the prosecutor in arguing the case to the jury improperly sought to rely upon his silence at the time of arrest as evidence as to whether his presence in the building was either licensed or privileged.

RSA 635:1, I, states:

"A person is guilty of burglary if he enters a building or occupied structure, or separately secured or occupied section thereof, with purpose to commit a crime therein, unless the premises are at the time open to the public or the actor is licensed or privileged to enter. It is an affirmative defense to prosecution for burglary that the building or structure was abandoned."

One of the elements of the offense which the State has the burden of proving is the defendant's lack of license or privilege to enter the building that was the subject of the burglary. This element is customarily proved by the State calling as a witness an owner of the premises or someone such as an agent or store manager who has firsthand knowledge of those persons or classes of persons who may lawfully enter the building and eliciting testimony that excludes the defendant from that group of persons. Such an approach to the proof of a necessary element of the State's case would appear to be the better and safer practice. In this case, however, the State relied upon circumstantial evidence, including the defendant's admissions, to prove this important and elementary point in its case.

We hold that the circumstantial evidence was sufficient. There was evidence that the defendant was seen by an eyewitness

who testified at trial that entry to the store was gained by breaking a window. There was evidence that the defendant sought egress through the back door when he was aware of a police presence at or in the store. When questioned by police after his arrest he stated that Vitto's "looked like a good place to break into." The words "break into" were the defendant's choice of language and would seem not to require a great stretch of one's imagination to show that the defendant lacked the status of owner, agent, employee, patron or other person having the privilege or license to underlie a lawful presence in the building. These facts alone were sufficient to warrant the jury in finding that the defendant was neither licensed nor privileged to enter the building. *See State v. Thaxton,* 120 N.H. 526, 529, 419 A.2d 392, 393 (1980); *State v. Houle,* 120 N.H. 160, 161, 412 A.2d 736, 737 (1980); *see also State v. McCue,* 134 N.H. 94, 104–05, 589 A.2d 580, 586–87 (1991).

The defendant's second claim is that the trial court should have declared a mistrial as a result of the prosecutor's final jury argument. When arrested, the defendant said nothing and offered no explanation for his presence in Vitto's Market. The prosecutor referred to the defendant's silence at the time of arrest in the following comments:

"Other evidence that you heard was that the defendant didn't tell the police when they handcuffed him, hey, it's okay for me to be here. It's okay. You know, no problem. I have license and privilege to be here. Store's opened, you know. There's no problem. You don't worry about it because I busted through this door and I went through the plate glass window. I have a reason to be here."

The defense counsel moved for a mistrial, arguing that in effect the prosecutor was shifting the burden of proof to the defendant to prove a lawful presence in the building. The court denied the motion and gave the following curative instruction to the jury:

"I just want to remind you that the defendant in this case has no obligation to prove his innocence, has no obligation to offer any testimony or any defense at all. The State has the absolute burden to prove every element of this case beyond a reasonable doubt. The defendant has an absolute right during the entire course of the proceedings from the time he's arrested until the present time not to say anything to the police, not to tell them anything about what happened whatsoever. In fact, he availed himself of these rights and

cannot be considered by you in any way as evidence of his guilt. And I want to reiterate that very strongly to you. That the defendant has no burden to produce any evidence, no burden at all to prove his innocence. The State has the absolute burden to prove each and every element of this case beyond a reasonable doubt."

 Without determining whether the prosecutor's comments crossed the line to improper argument, we conclude that the court's instruction adequately cured any improper inferences which the jury might have formed as to the defendant's obligation to speak out at the time of his arrest. *State v. Fowler*, 132 N.H. 540, 547, 567 A.2d 557, 561 (1989); *State v. Fowler*, 110 N.H. 110, 113, 261 A.2d 429, 430 (1970). Thus, the trial court did not err by denying the motion for a mistrial.

*Affirmed.*

All concurred.