Strafford
No. 91-323

THE STATE OF NEW HAMPSHIRE

v.

WALTER HAYCOCK

November 20, 1992

*John P. Arnold*, attorney general (*Ann M. Rice*, assistant attorney general, on the brief and orally), for the State.

*McKean, Mattson & Latici P.A.*, of Gilford (*Julia M. Nye* on the brief and orally), for the defendant.

THAYER, J.    The defendant, Walter Haycock, was convicted of being a felon having control of a firearm in violation of RSA 159:3 after a jury trial in the Superior Court (*Nadeau*, J.). The defendant appeals his conviction on the ground that the State presented insufficient evidence for a rational trier of fact to conclude beyond a reasonable doubt that the defendant exercised control over a firearm. We agree with the defendant and therefore reverse.

On July 20, 1990, the defendant called the police to 42 North Main Street in Farmington to report a disturbance. The Farmington Police Department is located directly across the street from 42 North Main Street, and an officer responded to the call. The defendant complained that the police were not doing enough to control the noise from a group of people outside the apartment building. He said that if the police did not quiet the group down, he would "plug" one of

them. On August 15, 1990, another officer, who knew the defendant was a convicted felon, was present in apartment A of 42 North Main Street with the defendant and noticed a rack on the wall holding rifles. The Farmington police obtained a search warrant for apartment A and executed it on August 23, 1990. The defendant was not present when the apartment was searched. The police seized three rifles and left a receipt. Later that night the defendant went to the police station and requested that the serial numbers of the rifles be added to the receipt. An officer recorded the serial numbers of two of the rifles but was unable to find the serial number on the third rifle; the defendant suggested that he look near the trigger guard. Subsequently, another officer dismantled the rifle and found the serial number near the trigger.

During the trial, the State tried to prove that the defendant lived at 42A North Main Street. Three Farmington officers testified that the defendant's truck was parked in front of 42 North Main Street on a regular basis, and that they often saw him at the 42 North Main Street address. The State entered certified copies of motor vehicle registrations in which the defendant used 42 North Main Street as his address. To counter the State's evidence, the defendant's estranged wife testified that the lease to 42A North Main Street was in her name, that at various times her children and grandchildren lived in the apartment, but that the defendant did not live there. She also testified that the rifles had been in the rack for as long as she lived in the apartment. The defendant sought to show that he lived in a nearby apartment with his girlfriend and simply left his truck in front of 42 North Main Street. There was no testimony as to who owned the rifles.

RSA 159:3 provides that "[n]o person who has been convicted in this or any other state of a felony against the person or property of another . . . shall own or have in his possession or under his control a pistol, revolver, or any other firearm." The State's charge against the defendant was based on the sole allegation that he had control of a firearm, not that he owned or possessed a firearm. The trial judge instructed the jury on the four elements the State was required to prove: (1) the object seized was in fact a firearm; (2) the defendant knew that the object was a firearm; (3) the defendant exercised control over the firearm(s); and (4) the defendant was convicted of a felony against the property of another. The parties stipulated that the defendant was convicted of burglary in New Hampshire and that RSA 159:3 applied to him. The only element in dispute was that of exercising control over a firearm.

The trial judge instructed the jury, without objection, as follows:

"Now, when we say the [S]tate has to prove beyond a reasonable doubt that the defendant has the ability to exercise control over the firearm, we mean that in the sense that he can determine who may have the ultimate use of the firearm. So the question raised is whether the defendant is the one who ultimately, among persons who may have occupied the residence or the structure in which the firearm was found, could determine who could use that particular rifle or rifles. The question, then, is: Has the [S]tate shown beyond a reasonable doubt that the defendant had the power over the use of the weapon?"

In returning a guilty verdict, the jury must have reached the conclusion that the defendant exercised control over the weapons. The defendant argues that the State, at best, may have proved that he had access to the rifles, which is insufficient to prove that he had control of them.

■ The State introduced evidence, which the defendant contested, that the defendant lived at 42A North Main Street, where the rifles were displayed, with his estranged wife and their children. The defendant's residence, however, is not dispositive when determining if he controlled, or had the power over the use of, the rifles in the gun rack. The jury was instructed that "[a] person cannot be convicted of this crime when he happens to walk or be in an apartment or house where weapons exist." We previously addressed this issue in *State v. Pike*, 128 N.H. 447, 450, 514 A.2d 1279, 1281 (1986), where we stated that "[the defendant's] control over the weapons is not based upon their location at any particular place, or upon his relationship with any individual. Rather, it is based upon his ability to determine the use and disposition of the guns." If we assume *arguendo* that the defendant lived at 42A North Main Street, this fact merely shows that he may have had access to the rifles, not that he had the power to control their use.

The other evidence relied upon by the State to prove control consisted of: (1) the defendant's statement that he would "plug" someone if the Farmington police did not quiet a noisy group gathered outside 42 North Main Street; (2) the defendant's request that the Farmington police record the serial numbers of the seized rifles on the receipt that had been left at 42A North Main Street; and (3) the defendant's suggestion that the Farmington police look near the trigger guard to find the serial number on a very old, unique rifle,

together with the fact that the police ultimately found the serial number near the trigger when the rifle was dismantled.

■ "The evidence in this case was circumstantial, and thus must exclude all rational conclusions except guilt in order to be sufficient to convict." *State v. Smith*, 127 N.H. 433, 436, 503 A.2d 774, 776 (1985); *see also State v. Cobb*, 123 N.H. 536, 540, 465 A.2d 1203, 1206 (1983). The State concedes that mere access to firearms does not prove control, but argues that the cumulative effect of the evidence provides the requisite nexus between the defendant and the firearms to which he had access.

We do not share the State's view of the evidence because rational conclusions inconsistent with the defendant exercising control over the rifles can be drawn from the circumstantial evidence. Evaluating the proffered evidence individually, we note that the defendant's threat to "plug" someone can be characterized as an idle threat, which is a rational conclusion inconsistent with exercising control over the rifles. The State makes much of the defendant's request that the serial numbers be noted on the receipt left at 42A North Main Street, but again, this piece of evidence does not show an exercise of control over the rifles. Rather, the defendant may have made this request at the behest of someone else to ensure that the police identify precisely which rifles should ultimately be returned to 42A North Main Street. Finally, the defendant's suggestion that the police look for the serial number near the trigger of the old, unique rifle does not necessarily prove control over that particular rifle when the defendant merely showed familiarity with or a working knowledge of old guns.

■ The circumstantial evidence relied upon by the State does not exclude all rational conclusions except control; therefore, no rational trier of fact could have found guilt beyond a reasonable doubt.

*Reversed.*

All concurred.