Belknap
No. 92-631

THE STATE OF NEW HAMPSHIRE

v.

PAUL BISSONNETTE

December 17, 1993

*Jeffrey R. Howard*, attorney general (*John A. Curran*, assistant attorney general, on the brief), by brief for the State.

*Judith M. Kasper*, assistant appellate defender, of Concord, by brief for the defendant.

THAYER, J.   The defendant, Paul Bissonnette, was convicted of two counts of burglary after a jury trial in the Superior Court (*McHugh*, J.). On appeal, the defendant argues that because the evidence used to prove his guilt was circumstantial and did not exclude all rational conclusions except guilt, the evidence was insufficient to prove guilt beyond a reasonable doubt. We affirm.

Cynthia Johnson, whose home the defendant periodically visited, testified that in her home on the evening of September 23, 1990, she overheard a discussion between the defendant and her husband concerning "someplace to rob." As part of this discussion, Johnson heard the defendant say "the IGA" and "cut phone lines." When Johnson went to bed, she left the two men downstairs watching television; when she awoke between 3:00 and 4:00 a.m. and went back

downstairs, however, neither man was present. When Johnson next awoke at 6:00 a.m., the two men had returned, and Johnson asked them where they had been. The defendant replied, "We hit the IGA." Subsequent witnesses testified that a robbery had occurred at the Meredith Bay IGA market while it was closed on the night of September 23–24, 1990, and that the IGA's phone lines had been cut. Evidence gathered from the scene of the crime, however, including fingerprints and a surveillance videotape, could not conclusively verify the defendant's participation in the robbery.

Cynthia Johnson further testified that on December 1, 1990, the defendant again visited her home. On that day, Johnson sent her husband, accompanied by the defendant, to the Jackson Star Market on an errand. Upon their return, Johnson heard the defendant discuss cutting the phone lines, where the "office" would be located, and how to "break into the safe." Again, Johnson went to bed while the two men were watching television. When she awoke at 6:00 a.m. the next morning, Johnson saw a police cruiser in the backyard. She then confronted the defendant by asking him, "Did you guys hit the Star?" The defendant responded, "Yeah, we did, but we screwed up." Johnson testified that she also spoke with the defendant by telephone on the evening of December 2, 1990, at which time the defendant threatened her: "If you do say anything, I'll kill you and your kids." Subsequent witnesses testified that the Jackson Star Market had been broken into on the night of December 1–2, 1990, that its phone cable had been cut, and that nothing had been taken from the store. Evidence gathered from the scene of the Star Market crime could not directly identify the defendant as a participant.

In an appeal challenging the sufficiency of the evidence, the defendant carries the burden of proving that "no rational trier of fact, viewing the evidence most favorably to the State, could have found guilt beyond a reasonable doubt." *State v. Murray*, 129 N.H. 645, 650, 531 A.2d 323, 327 (1987). "The essence of a jury's function is to determine the weight and credence to be given the evidence at trial." *State v. Meaney*, 129 N.H. 448, 451, 529 A.2d 384, 386 (1987). In addition, the jury "may draw reasonable inferences from facts proved and also inferences from facts found as a result of other inferences." *State v. Stauff*, 126 N.H. 186, 189, 489 A.2d 140, 142 (1985) (quotation omitted). Finally, the jury's inferences need not be premised on direct evidence, but may be based entirely on circumstantial evidence, provided that such evidence excludes all rational conclusions except guilt. *State v. Haycock*, 136 N.H. 361, 364, 616 A.2d 481, 482–83 (1992); *State v. McCue*, 134 N.H. 94, 104, 589 A.2d 580, 586 (1991).

■■ Because the State argues that the evidence it presented was circumstantial, we will decide whether all rational conclusions except guilt have been excluded. *State v. Haycock*, 136 N.H. at 364, 616 A.2d at 482–83. To apply this standard of review, we examine each evidentiary item in the context of all the evidence, not in isolation. *See State v. Cyr*, 122 N.H. 1155, 1159–60, 453 A.2d 1315, 1318 (1982); *see also State v. Blow*, 135 N.H. 640, 641–42, 608 A.2d 1309, 1311 (1992). The defendant insists that rational conclusions other than that the defendant was the burglar may be drawn from the evidence. We disagree. Evidence was presented that on two separate occasions, the defendant unequivocally stated his intention to rob a specific grocery store and to cut the store's phone lines. In both instances, the specific store targeted by the defendant was burglarized that night, and the phone lines were cut. After each burglary, the defendant admitted committing the crime, again identifying the store he had preyed upon. Finally, the defendant seemingly acknowledged the fact that no money was taken from the Star Market by stating that he "screwed up" the Star Market burglary. Taking all of the evidence into consideration, we believe that the jury could exclude all rational conclusions other than the defendant's guilt.

■ The fact that Cynthia Johnson was the sole witness to the defendant's incriminating statements and the possibility that her testimony was inaccurate do not compel a different result. The defendant had ample opportunity to discredit Cynthia Johnson's testimony at trial. Her credibility and the weight to be given to her testimony are clearly matters within the jury's purview. *State v. Cote*, 129 N.H. 358, 369, 530 A.2d 775, 781 (1987).

After examining the evidence, and reasonable inferences to be drawn therefrom, in the light most favorable to the State, we conclude that a rational jury could have found the defendant guilty of both crimes beyond a reasonable doubt. Accordingly, we affirm the defendant's convictions.

*Affirmed.*

All concurred.