Derry District Court
No. 94-447

### THE STATE OF NEW HAMPSHIRE

v.

### MARK TARANTINO

December 19, 1995

*Jeffrey R. Howard*, attorney general (*Patrick E. Donovan*, assistant attorney general, on the brief and orally), for the State.

*Paul J. Garrity*, of Londonderry, by brief and orally, for the defendant.

PER CURIAM. After a bench trial, the Derry District Court (*Thornton*, J.) convicted the defendant, Mark Tarantino, of driving while intoxicated. *See* RSA 265:82 (1993). On appeal, the defendant asserts that the trial court erred in denying his motions to dismiss and to set aside the verdict based upon insufficiency of the evidence. We reverse.

In the evening of October 6, 1993, Londonderry Police Officer Jack Slade noticed an empty pickup truck in the entrance of the Londonderry Baptist Church, off Route 128. As he approached the truck, Slade observed that the engine was running and smoking. Further inspection revealed damage to the truck's hood and roof. Looking into the cab, Slade saw an open paint can and white paint splashed about the interior.

Slade began searching the area around the truck. A trail of flattened grass marked the path the truck had taken from Route 128. Eventually, he found the defendant lying in the grass. The

defendant was injured and did not respond to questions. The officer noted that there was no paint on the defendant or his clothing, and that the defendant's breath smelled of alcohol.

At the same time Slade initially saw the truck in the church parking lot, the Londonderry Police Department dispatcher received a report of the accident. Other officers and emergency personnel soon arrived, and Officer Joseph Macarone searched the area, finding no evidence of other individuals at the scene. Macarone then accompanied the ambulance to the hospital, where he overheard the defendant say, "Somebody else must have been driving. I'm too drunk." An ambulance driver told Macarone that the defendant had made a similar remark while being transported.

At trial, Slade stated that he believed the defendant had been ejected from the truck during the accident, and both he and Macarone testified about their inspections of the accident scene. The court denied the defendant's motion to dismiss at the close of the State's case and ultimately found the defendant guilty, sentencing him to $420 in fines and penalties and a ninety-day license revocation. The court subsequently denied the defendant's motion to set aside the verdict, and this appeal followed.

The defendant maintains that the evidence before the trial court was insufficient to support a finding that he was the driver of the vehicle, and, therefore, the trial court should not have denied his motions to dismiss and to set aside the verdict. We agree.

The defendant was convicted of violating RSA 265:82. As we recently explained, "[t]he *actus reus* contemplated in RSA 265:82 is 'driving' a motor vehicle while under the influence of alcohol." *State v. Willard*, 139 N.H. 568, 570, 660 A.2d 1086, 1087 (1995) (brackets omitted). The legislature has defined "driv[ing]" as "operat[ing]" or being in "actual physical control" of a motor vehicle. RSA 259:24 (1993). The question before us, then, is whether a rational trier of fact, viewing the evidence most favorably to the State, could have found beyond a reasonable doubt that the defendant either operated or was in actual physical control of the pickup truck. *See State v. Bissonnette*, 138 N.H. 82, 84, 635 A.2d 468, 469 (1993); *cf. Willard*, 139 N.H. at 570, 660 A.2d at 1087.

At trial, the State offered only circumstantial evidence to prove that the defendant was the driver of the truck. When the evidence presented is circumstantial, it "must exclude all rational conclusions except guilt in order to be sufficient to convict." *State v. Haycock*, 136 N.H. 361, 364, 616 A.2d 481, 482 (1992) (quotations omitted). In applying this standard, "we examine each evidentiary item in the context of all the evidence, not in isolation." *Bissonnette*, 138 N.H. at 85, 635 A.2d at 469.

The State centers its argument on two facts: the damage sustained by the truck and the proximity of the injured defendant to the accident scene. The State contends that this evidence, when considered in light of the evidence the police *did not* find — namely, the presence of other persons at the scene — precludes any rational conclusion other than guilt. Though one could rationally conclude from these facts that the defendant was the driver, other rational conclusions are not beyond reason. For instance, the police also did not discover any evidence connecting the defendant to ownership or possession of the truck, and the officers observed that the defendant did not have any paint on his person or clothing. Consequently, in the context of all the evidence, it would not be irrational to deduce that the defendant had been riding in the truck's bed when the accident occurred, or that he was a pedestrian who had strayed into the truck's path when it left Route 128.

■ A criminal conviction cannot be sustained absent proof beyond a reasonable doubt of the elements of the crime charged. *See State v. Fournier*, 123 N.H. 777, 778-79, 465 A.2d 898, 899-900 (1983). Because the circumstantial evidence in this case did not exclude all rational conclusions except that the defendant either operated or was in actual physical control of the truck, no rational trier of fact could have found the defendant guilty beyond a reasonable doubt. *See, e.g., Haycock*, 136 N.H. at 364, 616 A.2d at 483.

*Reversed.*

BRODERICK, J., did not sit; the others concurred.