Merrimack
No. 95-308

THE STATE OF NEW HAMPSHIRE

v.

MICHAEL RICHARDSON

June 11, 1996

*Jeffrey R. Howard*, attorney general (*Jeffrey S. Cahill*, assistant attorney general, on the brief and orally), for the State.

*Gary Apfel*, public defender, of Orford, by brief and orally, for the defendant.

BRODERICK, J. The defendant, Michael Richardson, was convicted of burglary. *See* RSA 635:1 (1986 & Supp. 1995). He appeals the Superior Court's (*Manias*, J.) denial of his motion to dismiss. We affirm.

At trial, the State presented the following evidence. On October 26, 1993, Brenda Starkey and her husband, Kevin, were driving on North Road in Sutton at approximately 1:30 p.m. when they saw the defendant walking along the shoulder of the road. The defendant was approximately fifty to seventy-five feet north of Kelly Pearson's home. He was carrying a portable stereo.

As the Starkeys drove past him, the defendant "just put his head down." Upon seeing this, Brenda Starkey turned to her husband and said, "Hmm, [the defendant] never acknowledged us." The defendant is Brenda Starkey's cousin, and both Brenda and her husband had always known him to acknowledge them in the past. When Kevin Starkey looked back he saw the defendant turn his head to watch the receding truck.

About fifteen minutes later, at 1:45 p.m., Carroll Thomas, Kelly Pearson's neighbor and landlord, was driving on North Road north of the Pearson house when he saw "lots of paper" in the road. The papers had not been there when he had passed that spot forty-five minutes earlier. Upon close examination, he discovered the papers were cancelled checks belonging to Ms. Pearson. He collected the checks and drove to her house; when he saw that the side door was open, he called the police to report a possible burglary.

At 2:00 p.m., Officer Shawn Spooner of the Sutton Police Department was traveling on North Road toward the Pearson property when he saw the defendant walking along the shoulder of the southbound lane. The defendant was a mile or two north of the Pearson property at this point. The officer recognized the defendant and noticed that he was carrying a walking stick. As the officer passed him, the defendant looked down "as if to cover his face."

A few minutes later, the officer received word of the break-in at the Pearson residence. Upon arriving at the scene, he saw that someone had gained entry to the house through the side door. The officer met Mr. Thomas, who told him of the cancelled checks. Officer Spooner then searched the area in which Mr. Thomas had found the checks; the officer located a white sock and an envelope containing a bank statement belonging to Ms. Pearson.

When Kelly Pearson arrived at her house, she reported that her portable stereo was missing and confirmed that the white sock was hers. Spooner again searched the area where he had found the other items, this time expanding his search to include the woods on the northbound side of the road. There, behind a pile of rocks thirty feet from the road, he found a portable stereo. Ms. Pearson's "Luther Vandross" compact disc was still inside. She testified that the white sock, the stereo, and the compact disc belonged to her.

Later that afternoon, the Starkeys learned that the police were investigating a burglary in Sutton. Brenda Starkey called her parents, who also lived on North Road, and inquired whether they had seen the defendant that day. Ms. Starkey's parents indicated that the defendant had left their house some time before the Starkeys had seen him, and that he had not had a portable stereo with him when he left. Kevin Starkey identified the stereo recovered by Officer Spooner as the same stereo the defendant had been carrying; Brenda Starkey described it as looking "identical" to the stereo she had seen the defendant carrying.

At the close of the State's case, the defendant moved to dismiss, arguing that the State had failed to present sufficient evidence that he had committed the burglary. The court denied the motion and the

jury subsequently found the defendant guilty. In this appeal the defendant contends, as he did below, that the circumstantial evidence presented by the State was insufficient to prove the defendant guilty beyond a reasonable doubt.

"When the evidence presented is circumstantial, it must exclude all rational conclusions except guilt in order to be sufficient to convict." *State v. Tarantino*, 140 N.H. 523, 524, 668 A.2d 45, 47 (1995) (quotation omitted). In applying this standard, we view the evidence in the light most favorable to the State, *see State v. McCue*, 134 N.H. 94, 104, 589 A.2d 580, 586 (1991), and examine each evidentiary item "in the context of all the evidence, not in isolation," *Tarantino*, 140 N.H. at 524, 668 A.2d at 47 (quotation omitted).

■ In this case, the State presented evidence that someone had broken into Ms. Pearson's home between 1:00 and 2:00 in the afternoon of October 26, 1993, and stolen several items. The jury could reasonably find that when the defendant left Brenda Starkey's parents' house, he was not carrying a portable stereo, but that when he was seen near the site of the break-in, within the time in which it had occurred, he was carrying a stereo. Further, Officer Spooner explained that half an hour later, he saw the defendant carrying a walking stick, but not a portable stereo. The jury heard testimony that the stolen stereo was found in the woods near where the Starkeys saw the defendant and that this stereo was the same one they saw him carrying. Taking this evidence in light of the Starkeys' observations of the defendant's demeanor, the jury could conclude that he committed the crime charged beyond a reasonable doubt.

■ The defendant nonetheless argues that because the police did not interview him, analyze a footprint on the door to the Pearson house, or introduce the results of a fingerprint analysis of the portable stereo, the evidence proffered by the State at trial was insufficient to convict him of burglary. We disagree. The issue is not what evidence the State might have produced, but rather whether in the context of all the evidence in this case, the State presented evidence sufficient to exclude all rational conclusions except guilt. *See State v. Cyr*, 122 N.H. 1155, 1159–60, 453 A.2d 1315, 1318 (1982). The trial court did not err in denying the defendant's motion to dismiss.

*Affirmed.*

All concurred.