Coos
No. 97-614

THE STATE OF NEW HAMPSHIRE

v.

RAYMOND X. FLYNN

December 30, 1999

*Philip T. McLaughlin*, attorney general (*Christopher H.M. Carter*, assistant attorney general, on the brief and orally), for the State.

*Thomas Arthur Hensley*, of Taunton, Massachusetts, by brief and orally, and *Strimbeck* and *Morrison*, of Littleton (*Gillian Morrison* on the brief), for the defendant.

PER CURIAM. The defendant, Raymond X. Flynn, appeals his convictions of burglary, *see* RSA 635:1, I (1996), and theft, *see* RSA 637:3 (1996), following a jury trial in Superior Court (*Perkins*, J.). He asserts that the State failed to introduce sufficient evidence that: (1) he was not licensed or privileged to enter the burglarized

premises; and (2) he lacked license or permission to carry away the property of another. We affirm.

At trial, the State presented the following evidence. On September 21, 1996, at the Mount Washington Hotel, the manager and a bellman were conducting a routine security check. They encountered the defendant on the third floor wearing tennis shorts and a dress shirt. The defendant loudly remarked to them that he was "[g]etting ready to play tennis in a couple of hours." The manager was suspicious and followed the defendant.

Once the defendant was outside the hotel, the manager approached him and inquired if he was a hotel guest. The defendant said that he was, but he could not produce his guest identification. The defendant agreed to return to the hotel with the manager, but on the way back, he ran away. The manager followed the defendant to the hotel parking lot where a brown Cadillac pulled out and moved quickly toward him. The manager wrote down the car's license plate number and observed the direction the car was traveling. The Carroll Police Department, which was contacted and asked to look for the car, spotted the unoccupied car on Cherry Mountain Road. Soon thereafter the police spotted the defendant on the same road. The defendant acknowledged he had been at the hotel earlier that day and agreed to return with the police. At the hotel, the manager identified the defendant as the man he had spoken with earlier in the day.

During a search of the area near the defendant's car, the police discovered a pair of shorts containing a woman's ring in the pocket. Subsequent searches of the area turned up a dress shirt, a black watch box from Tiffany & Company, a Tiffany watch, two other rings, a master room key, a latex glove, and three credit cards. The defendant was indicted for, *inter alia*, the burglary of a guest room at the hotel and the theft of a diamond ring. The superior court denied the defendant's motion to dismiss these indictments, and the jury subsequently returned guilty verdicts. This appeal followed.

On appeal, the defendant first contends that there was insufficient evidence to sustain the State's burden of proving that he lacked license or privilege to enter the hotel room registered to a guest, Dr. Wasserman. The defendant concedes that the doctor's wife must be treated as a co-renter, but contends that her testimony alone was insufficient to establish lack of license or privilege to enter the Wassermans' hotel room.

RSA 635:1, I, states:

> A person is guilty of burglary if he enters a building or
> occupied structure, or separately secured or occupied sec-

tion thereof, with purpose to commit a crime therein, unless the premises are at the time open to the public or the actor is licensed or privileged to enter. It is an affirmative defense to prosecution for burglary that the building or structure was abandoned.

While Mrs. Wasserman testified that she did not authorize the defendant to enter her hotel room, Dr. Wasserman was not called as a witness. The defendant contends that this circumstantial evidence is insufficient to support his conviction.

When the evidence presented is circumstantial, it must exclude all rational conclusions except guilt in order to be sufficient to convict. In applying this standard, we view the evidence in the light most favorable to the State, and examine each evidentiary item in the context of all the evidence, not in isolation.

*State v. Richardson*, 141 N.H. 139, 141, 679 A.2d 565, 566 (1996) (quotations and citations omitted). The defendant presents several cases, the majority of which are from Texas during the early part of this century, to support his argument that the failure to call both owners of a property is fatal to a burglary charge. *But see Jingles v. State*, 752 S.W.2d 126, 128 (Tex. App. 1987) ("Although the State was required to prove that [the owner] did not consent to the burglary, Texas law has long permitted proof by circumstantial evidence to show lack of the owner's consent to a burglary."). While we have never directly ruled whether the absence of license or privilege to enter can be proved without testimony from all owners or occupiers of a burglarized property, we conclude that our own case law provides the appropriate guidance in this case.

█ In *State v. Blow*, 135 N.H. 640, 608 A.2d 1309 (1992), the State presented the following circumstantial evidence to prove the defendant's lack of license to enter the building: an eyewitness's testimony that a window was broken to enter the property; that the defendant tried to leave the property when the police arrived; and the defendant's statement to the police that the property "looked like a good place to break into." *Blow*, 135 N.H. at 641-42, 608 A.2d at 1311. We held that this was sufficient circumstantial evidence of lack of license or privilege to enter the property to support a burglary conviction even though the State failed to call the owner or an agent of the owner. *See id.* at 641, 608 A.2d at 1311. If the State can prove lack of privilege or license without calling the sole owner of the property, it follows that the State can likewise prove this

element circumstantially without calling each owner when the property is owned by more than one person. While calling both owners or occupiers of the burglarized property may be "the better and safer practice," *Blow*, 135 N.H. at 641, 608 A.2d at 1311, the State may rely "upon circumstantial evidence . . . to prove this important and elementary point in its case." *Id.*

■ We hold that the circumstantial evidence in this case was sufficient to prove lack of license or privilege to enter the Wassermans' hotel room. In addition to Mrs. Wasserman's testimony and the evidence already discussed, the State presented evidence that: Mrs. Wasserman left her wallet in her hotel room while she golfed with her husband; her credit card, which she ordinarily kept in her wallet, was found buried near Cherry Mountain Road with other items reported missing from the hotel near the defendant's abandoned car and other belongings; and a master key that opened all of the hotel rooms was found with the missing items. This evidence was sufficient to support the exclusion of all rational conclusions except that the defendant was neither licensed nor privileged to enter the Wassermans' hotel room. *See Blow*, 135 N.H. at 642, 608 A.2d at 1311.

The defendant next argues, as to his theft conviction, that the State failed to provide sufficient evidence that the owner of a wedding band, Mrs. Bruns-Walker, failed to grant the defendant permission to possess her ring. Only Mrs. Bruns-Walker's husband testified as to lack of permission.

RSA 637:3 states:

> A person commits theft if he obtains or exercises unauthorized control over the property of another with a purpose to deprive him thereof.

At trial, Lawrence Walker testified that he and his wife were guests at the hotel. Before leaving to play golf, he placed his Tiffany watch in a watch box, and his wife placed three rings in the same box. He placed the box in a desk in the hotel room. When the Walkers returned to the room, they noticed that the box was missing. They called security and "told them that we had some items missing from the room." Together the Walkers completed a property report.

■ As the defendant concedes, Mrs. Bruns-Walker "probably did not give anyone permission to possess the [ring] she was given by her husband." We hold that Mr. Walker's testimony, coupled with the other circumstantial evidence already discussed, was sufficient

to prove lack of permission by Mrs. Bruns-Walker for the defendant to possess her ring.

*Affirmed.*

JOHNSON, J., did not sit; THAYER, J., sat but did not participate in the decision; the others concurred.