Strafford
No. 98-482

THE STATE OF NEW HAMPSHIRE

v.

JACK HAYCOCK

April 18, 2001

*Philip T. McLaughlin*, attorney general (*Christopher H. M. Carter*, senior assistant attorney general, on the brief and orally), for the State.

*Risa Evans*, assistant appellate defender, of Concord, by brief and orally, for the defendant.

## MEMORANDUM OPINION

BRODERICK, J. The defendant, Jack Haycock, was convicted following a jury trial in Superior Court (*Mohl*, J.) of second degree assault. *See* RSA 631:2 (1996). We reverse.

The record supports the following facts. On December 30, 1995, the defendant and his father were at a bar in Farmington where they encountered the victim and two of his friends. During the evening, one of the friends and the defendant had a disagreement that resulted in a minor scuffle. Thereafter, the defendant continued his verbal harassment of the victim and his friends. Later, as the men were leaving the bar, the defendant assaulted one of them and an altercation ensued. Although there is some dispute about what happened next, the defendant, at some point, either "smacked" or punched the victim in the face. Less than a minute later, the defendant's father "smacked" the victim in the face. The police drove by the scene and the victim assured them that everything was "fine." After the police drove away, the defendant's father approached the victim and apologized for breaking his nose.

The defendant and his father were charged with accomplice to second degree assault and the trial court, over the defendant's objection, also instructed the jury that it could find the defendant

guilty of second degree assault. The jury acquitted the defendant of accomplice liability, but found him guilty of second degree assault.

In its objection to the defendant's motion for a new trial, the State argued that the evidence at trial demonstrated that both the defendant and his father punched the victim in the face and that the victim suffered a broken nose. The trial court, in earlier denying the defendant's motion for a directed verdict, recognized that the evidence did not exclude the possibility that the defendant's father caused the broken nose. We infer from the record that the trial court, at this point in the proceedings, understood that the indictment only charged the defendant with accomplice liability, and thus the denial of the defendant's motion for directed verdict may have been warranted at the time.

On appeal, the defendant argues that his conviction should be vacated because: (1) the indictment charged him solely with accomplice liability and the court's instructions impermissibly amended the indictment; (2) even if the court did not impermissibly amend the indictment, the evidence was insufficient to prove second degree assault; and (3) the prosecutor misstated the evidence and argued facts not in evidence during his closing argument.

■■ We begin with the sufficiency of the evidence claim, as it is dispositive. Under RSA 631:2, the State was required to prove beyond a reasonable doubt that the defendant "[k]nowingly or recklessly cause[d] serious bodily injury to another." The evidence presented in this case falls short. The State presented no direct evidence that the defendant broke the victim's nose, but rather relied solely upon circumstantial evidence to prove culpability. "When the evidence presented is circumstantial, it must exclude all rational conclusions except guilt in order to be sufficient to convict." *State v. Richardson*, 141 N.H. 139, 141 (1996) (quotation omitted). We view the evidence under this standard in the light most favorable to the State and examine each piece of evidence "in the context of all the evidence, not in isolation." *Id.* (quotation omitted).

The only testimony establishing that the defendant hit the victim came from the victim himself. He testified that the defendant "smacked" him in the face and that soon thereafter the defendant's father also struck him in the face. He did not identify who broke his nose. The police drove by the scene and asked the victim whether there was a problem. The victim told them he was "fine" and they drove away. Subsequently, the defendant's father approached the victim and apologized for breaking his nose.

The doctor who examined the victim could only deduce that blunt trauma had caused the broken nose. The doctor did conclude,

however, that if it was caused by a punch, the injury was consistent with a left-handed individual striking the victim's nose. The defendant is right-handed. The defendant's father testified that he was not strong enough to break the victim's nose; his observation, however, was not corroborated. In the context of all the evidence, his testimony was not sufficient to establish the defendant's culpability beyond a reasonable doubt.

Taking all the evidence in the light most favorable to the State, it cannot be said beyond a reasonable doubt that the circumstantial evidence necessarily excluded the rational inference that someone other than the defendant, namely, his father, caused the victim's broken nose. Indeed, when the trial court denied the defendant's motion for a directed verdict, it recognized the very real possibility that the defendant's father alone broke the victim's nose.

It is not lost on us that this was prosecuted as an accomplice liability case because, as the trial court expressed, the factual scenario was precisely one "where it may not be entirely clear which of the defendants committed the single act which may have caused the serious bodily injury." Regardless of the trial court's suspect instruction on second degree assault that may have impermissibly amended the complaint, based upon the record, it remains unclear which of the defendants caused the victim's broken nose.

While the evidence may have been enough to find the defendant guilty of accomplice liability, for which he was acquitted, it was not enough to sustain a conviction for second degree assault. Because we reverse the defendant's conviction on the above stated grounds, we need not address his remaining arguments.

*Reversed.*

HORTON, J., sat for oral argument but retired prior to the final vote; DALIANIS, J., concurred; GROFF, J., superior court justice, specially assigned under RSA 490:3, concurred.