Cheshire
No. 94-108

THE STATE OF NEW HAMPSHIRE

v.

KEITH E. LOWE

October 3, 1995

*Jeffrey R. Howard*, attorney general (*John C. Kissinger, Jr.*, attorney, on the brief and orally), for the State.

*Timothy M. Landry*, public defender, of Nashua, by brief and orally, for the defendant.

THAYER, J. The defendant, Keith E. Lowe, appeals his conviction for second degree assault, RSA 631:2, I(d) (Supp. 1994), based on a jury trial in Superior Court (*Brennan*, J.). The defendant alleges that the trial court erred: (1) by admitting the testimony of a physician regarding the victim's statements; and (2) by denying the defendant's motion to dismiss. We affirm.

The defendant and his wife brought the victim, the wife's four-year-old daughter, to visit the victim's grandparents. The child was allowed to spend the night at her grandparents' home. During the course of the evening, the child's grandmother discovered bruises on the child's legs, arms, back, and spine. The grandparents contacted the child's pediatrician and scheduled an appointment for the next day. During the doctor's examination, the victim informed

the doctor that her father, the defendant, had inflicted the bruises. The police were subsequently contacted, and the defendant was arrested and charged with second degree assault. Prior to trial, the State moved *in limine* to introduce the physician's testimony regarding the victim's statements as to the source of her injury. The trial court granted that motion, and the defendant was ultimately convicted.

The defendant first argues that statements made by the four-year-old victim to her pediatrician were not made for the purpose of medical diagnosis or treatment and therefore were inadmissible hearsay. New Hampshire Rule of Evidence 803(4) provides an exception to the rule against hearsay for:

> Statements made for purposes of medical diagnosis or treatment and describing medical history, or past or present symptoms, pain, or sensations, or the inception or general character of the cause or external source thereof insofar as reasonably pertinent to diagnosis or treatment, regardless of to whom the statements are made, or when the statements are made, if the court, in its discretion, affirmatively finds that the proffered statements were made under circumstances indicating their trustworthiness.

"The trial court has discretion in applying Rule 803(4), and we will not disturb a ruling unless it is clearly erroneous." *State v. Roberts*, 136 N.H. 731, 740, 622 A.2d 1225, 1232 (1993). In making a determination regarding admissibility under this exception, we look to "three areas of inquiry . . .: the declarant's intent; the subject matter of the statements; and whether there are circumstances indicating the trustworthiness of the statements." *Id.* (citations omitted). Where the declarant is a child, we require extra care in determining the declarant's intent: "[T]he proponent of Rule 803(4) statements must present evidence establishing that the child had the requisite intent, by showing that the child made the statements understanding that they would further the diagnosis and possible treatment of the child's condition." *State v. Wade*, 136 N.H. 750, 755, 622 A.2d 832, 835 (1993). "This finding may be based upon circumstantial evidence." *Roberts*, 136 N.H. at 740, 622 A.2d at 1232.

Here, the four-year-old victim's bruises were first discovered by her grandparents who immediately contacted her pediatrician. The child was brought to the pediatrician's office the next day. When she arrived at the office and was asked by the nurse why she was there, the child said it was because her father had hurt her. The testimony established that the doctor had treated the child since her birth, and that she had been treated at the clinic on more than thirty occasions.

The doctor performed a physical examination and diagnostic blood testing. While the doctor could not remember the exact circumstances leading up to the victim's statements, his notes indicated that "[t]he child herself stated" that her father inflicted the bruises because she would not stop crying after having had a nightmare. It was during the course of examining the bruises on the child's body that the doctor asked her what had happened.

■ The defendant argues that the statement was made solely for the purpose of fulfilling the doctor's statutory reporting requirements, see RSA 169-C:29 (1994), and therefore does not fall within the hearsay exception. While the doctor did testify that his reason for inquiring regarding the injury was for reporting purposes, it is the declarant's state of mind that is relevant. Wade, 136 N.H. at 755, 622 A.2d at 835. In light of all of the circumstances in this case, we cannot say the trial court's finding that the child made the statement for the purpose of medical treatment or diagnosis was clearly erroneous.

■ The second prong of the analysis relates to the content of the statements. "To be admissible, the statements must describe medical history, or symptoms, pain, sensations, or their cause or source to an extent reasonably pertinent to diagnosis or treatment." Roberts, 136 N.H. at 741, 622 A.2d at 1233 (quotation omitted). In this case, the identity of the person inflicting the injury was not relevant to the treatment of the bruises themselves because, as the doctor stated, there was no treatment available for the injuries. We have, however, previously admitted medical testimony "concerning statements made by patients regarding the identity of the perpetrator, if such statements are medically necessary for treatment or diagnosis of sexual abuse and other psychiatric or emotional disorders." Id. at 741–42, 622 A.2d at 1233. In this case, the victim's bruises were merely a symptom of the underlying condition, an abusive environment, and the information regarding their source allowed the doctor to diagnose the underlying child abuse. See id. at 742, 622 A.2d at 1233 (information regarding sexual relationship and drug supplier relevant to treatment for drug and alcohol addiction); see also United States v. Renville, 779 F.2d 430, 436 (8th. Cir. 1985) ("Statements by a child abuse victim to a physician during an examination that the abuser is a member of the victim's immediate household are reasonably pertinent to treatment."). Additionally, information regarding the source of the injuries allowed the doctor to rule out other possible causes such as a blood disorder. On these facts, the trial court could find that the child's statements about the

defendant's role in her injury were reasonably pertinent to the possible diagnosis and treatment of child abuse.

■ The final prong of the analysis is "whether there are circumstances indicating the trustworthiness of the statements." *Roberts*, 136 N.H. at 740, 622 A.2d at 1232. Here, the circumstances surrounding the statements at issue support their trustworthiness. Unlike *Wade*, the medical examination in this case was not sought solely in connection with an investigation of alleged child abuse. *See Wade*, 136 N.H. at 752, 622 A.2d at 833. Rather, the examination resulted from concern about the bruises the child's grandparents had discovered on her body. Moreover, the child's presence in a familiar location, where she had previously received medical care, supports the trial court's finding that the statements were reliable.

■■ Though evidence was introduced that the child had been instructed to fabricate statements, the trial court found that evidence not to be credible. "Credibility of witnesses is a question of fact and we will not overrule the trial court's decision unless the finding is clearly erroneous or unsupported by the evidence." *Society Hill at Merrimack Condo. Assoc. v. Town of Merrimack*, 139 N.H. 253, 256, 651 A.2d 928, 930 (1994); *see State v. Chase*, 135 N.H. 209, 215, 600 A.2d 931, 935 (1991) ("We will not overturn the credibility ruling of the factfinder, who is in the best position to make such a determination . . . ."). The witness on the issue of fabrication was the wife of the defendant. We cannot say that the trial court's rulings regarding her credibility or the reliability of the victim's statements were clearly erroneous.

The defendant's second argument is that the trial court should have granted his motion to dismiss because the evidence regarding his intent is insufficient to support a finding of guilt. "In an appeal challenging the sufficiency of the evidence, the defendant carries the burden of proving that no rational trier of fact, viewing the evidence most favorably to the State, could have found guilt beyond a reasonable doubt." *State v. Bissonnette*, 138 N.H. 82, 84, 635 A.2d 468, 469 (1993) (quotation omitted). The jury must "determine the weight and credence to be given the evidence at trial [and] may draw reasonable inferences from facts proved and also inferences from facts found as a result of other inferences." *Id.* (quotations omitted).

■ In this case, the State had to prove that the defendant had "[p]urposely or knowingly cause[d] bodily injury to a child under 13 years of age." RSA 631:2, I(d). The defendant argues that the State failed to prove that he knowingly caused the injury to the victim. The physician testified that the victim identified the defendant as

the cause of her injury and told the physician that the defendant injured her "because he was mad because she . . . wouldn't stop crying after having a nightmare." When asked what impression he was left with as a result of his examination based on his experience, the physician testified: "Possible child abuse. Probably child abuse." The State also submitted photographs that depicted the number and sizes of the victim's bruises. The defendant argues that this evidence was insufficient to allow a rational jury to find, beyond a reasonable doubt, that he knowingly injured the victim. We disagree.

A defendant "acts knowingly with respect to conduct or to a circumstance that is a material element of an offense when he is aware that his conduct is of such nature or that such circumstances exist." RSA 626:2, II(b) (1986). Under RSA 631:2, I(d), the defendant acted knowingly if he was aware that his conduct would cause bodily injury to a child under thirteen years of age. Based on the victim's statements, the testimony of the victim's pediatrician that the bruises indicated "probabl[e] child abuse," and the evidence regarding the severity of the victim's injuries, a rational jury could conclude that, acting out of anger or frustration, the defendant handled the child in such a way that he was aware would cause injury. We hold, therefore, that the trial court did not err in denying the defendant's motion to dismiss.

*Affirmed.*

JOHNSON, J., with whom BROCK, C.J., joined, dissented; the others concurred.

JOHNSON, J., dissenting: The trial court allowed Dr. Allan Freeman to testify that the victim identified the defendant as the cause of her bruises. I believe the court erred in finding the victim's statement was made for the purpose of medical diagnosis or treatment, a necessary prerequisite for admission of this hearsay under New Hampshire Rule of Evidence 803(4). Accordingly, I respectfully dissent.

We recently explained that the prerequisite concerning the declarant's state of mind is a strict one:

> [Rule 803(4)] requires a finding that the declarant intended to make the statements in order to obtain a medical diagnosis or treatment. Diagnosis need not inevitably result in treatment for statements to qualify under the rule, but *the diagnosis must have been sought with the purpose of treatment,* if necessary. . . . [I]f the declarant is unaware that the statement will enable the physician to make a

diagnosis and administer treatment, the statement is not sufficiently trustworthy to qualify under the exception.

*State v. Wade,* 136 N.H. 750, 755, 622 A.2d 832, 835 (1993) (emphasis added); *see State v. Woods,* 130 N.H. 721, 729, 546 A.2d 1073, 1077 (1988).

A finding that the declarant had the requisite intent is critical to admission under Rule 803(4) because such intent, in fact, justifies admission.

> The underlying purpose of [Rule 803(4)] is that statements made with the purpose of obtaining medical attention in the form of diagnosis or treatment are inherently reliable because such statements are made usually with the motivation to obtain an accurate diagnosis or proper treatment; there is normally no incentive to fabricate.

*Woods,* 130 N.H. at 729, 546 A.2d at 1077; *see Wade,* 136 N.H. at 757, 622 A.2d at 836.

In *Wade,* we warned that special precautions must be taken when determining the intent of a young child declarant.

> It is difficult for a court to discover whether a young child completely understands the purpose for which information is being obtained from her. For this reason it is important that there be *affirmative evidence* of the child's understanding in order to preserve the trustworthiness guarantee inherent in Rule 803(4).

*Wade,* 136 N.H. at 755, 622 A.2d at 835 (emphasis added). The trial court's finding of intent may be grounded upon circumstantial evidence, *State v. Roberts,* 136 N.H. 731, 740, 622 A.2d 1225, 1232 (1993), but "[w]e will not assume, absent a record affirmatively establishing the proposition, that a young child possessed a sufficient treatment motive to allow her out-of-court statements to a physician to be introduced at trial," *Wade,* 136 N.H. at 755, 622 A.2d at 835.

The record here is devoid of any evidence that the victim possessed a treatment motive when she told Dr. Freeman that the defendant had caused her bruises. As in *Wade,* "nothing in [the doctor's testimony] indicated that this child understood the need to provide accurate, truthful information." *Id.* at 756, 622 A.2d at 836. The victim's grandfather testified that he gave her no instructions "about how or what to report to Dr. Freeman about what happened." The victim did not testify, and her grandmother offered no evidence as to the child's state of mind.

The majority uses circumstantial evidence to infer that the victim made the statements for the purpose of diagnosis or treatment, but its efforts simply highlight the record's critical gaps. For example, the majority notes that when asked why she was at the doctor's office, the victim replied that her daddy had hurt her. This answer explains nothing about the victim's state of mind regarding treatment. Instead, it simply describes the event that precipitated the visit. Quite obviously, the child did not make the decision to see the doctor; her grandparents did. The majority's presumption that this child spoke in the hopes of obtaining treatment is speculation. Rule 803(4) demands much more for admission of such hearsay. *Id.* at 756, 622 A.2d at 835.

The majority's focus on the victim's familiarity with the pediatrician is similarly unconvincing. There is no evidence that the child understood the aim of any of her previous visits to the doctor's office, particularly those—like this one—not prompted by illness. I find it significant that Dr. Freeman elicited the victim's statement for the sole purpose of fulfilling his obligation under the child abuse reporting law, RSA 169-C:29 (1994), and not for the purpose of treatment. Although the majority dismisses this as irrelevant, I think it unjustifiable to attribute to a four-year-old a motive that even her examining physician lacked.

The majority has assumed a treatment motive in the absence of any affirmative evidence. In doing so, the majority has misapplied a recent holding of this court and weakened the protections of one of our rules of evidence. These protections help insure a fair trial by dispensing with the right of cross-examination only when the trustworthiness of a statement is assured. *See Woods*, 130 N.H. at 726, 546 A.2d at 1076 (discussing excited utterance exception to hearsay rule). Because I find nothing in the record to guarantee such trustworthiness, I would hold the trial court's admission of the victim's statement clearly erroneous. Accordingly, I dissent.

BROCK, C.J., joins in the dissent.