Rockingham
No. 94-662

THE STATE OF NEW HAMPSHIRE

v.

MARK NEWELL

July 16, 1996

*Jeffrey R. Howard*, attorney general (*John C. Kissinger*, assistant attorney general, on the brief and orally), for the State.

*Casassa & Ryan*, of Hampton (*Kenneth D. Murphy* on the brief and orally), for the defendant.

JOHNSON, J. The defendant, Mark Newell, stabbed Glen Chase during an altercation and was charged with first degree assault. *See* RSA 631:1, I(b) (Supp. 1995). At trial, he admitted that he stabbed Chase, but alleged that he acted in self-defense. *See* RSA 627:4 (1986). The jury convicted the defendant of the crime charged. He appeals, arguing that the Superior Court (*Perkins*, J.) erred in excluding evidence of Chase's prior misdemeanor convictions for reckless conduct and simple assault and in excluding evidence of the conduct underlying the convictions. He also asserts error in the court's self-defense instructions. We affirm.

The defendant first argues the prior convictions issue. In addressing this issue, we keep in mind that "[t]he trial court has broad discretion in ruling on the admissibility of evidence, and we will not disturb its ruling absent an abuse of discretion." *State v. Patten*, 137 N.H. 627, 629, 631 A.2d 921, 922 (1993).

In general, our rules of evidence forbid proof of a person's character "in order to show that the person acted in conformity therewith." N.H. R. EV. 404(b); *see* N.H. R. EV. 404(a); *State v. Bassett*, 139 N.H. 493, 496, 659 A.2d 891, 894 (1995). Rule 404(a), however, provides three exceptions to this prohibition. Rule 404(a) states:

Evidence of a person's character or a trait of character is not admissible for the purpose of proving that the person acted in conformity therewith on a particular occasion, except:

(1) *Character of Accused.*—Evidence of a pertinent trait of character offered by an accused, or by the prosecution to rebut the same;

(2) *Character of Victim.*—Evidence of a pertinent trait of character of the victim of the crime offered by an accused, or by the prosecution to rebut the same, or evidence of a character trait of peacefulness of the victim offered by the

prosecution in a homicide case to rebut evidence that the victim was the first aggressor;

(3) *Character of Witness.*—Evidence of the character of a witness, as provided in rules 607, 608, and 609.

Thus, Rule 404(a)(2), effectively identical to its federal counterpart, FED. R. EVID. 404(a)(2), specifically permits a defendant to introduce evidence of a victim's pertinent trait of character as substantive evidence to prove that the victim acted in conformity therewith on a particular occasion. *See United States v. Keiser,* 57 F.3d 847, 854 (9th Cir.), *cert. denied,* 116 S. Ct. 676 (1995).

■ In an assault case such as this, where the defendant asserts self-defense, the victim's peaceful or aggressive character is a pertinent trait. *See* FED. R. EVID. 404 advisory committee's note. Evidence of that trait is therefore admissible under Rule 404(a)(2). *See Keiser,* 57 F.3d at 853–54. Accordingly, the defendant had the right to introduce evidence of Chase's aggressive character. The defendant could not, however, introduce Chase's convictions and the conduct underlying them as substantive evidence because such evidence does not meet the requirements of Rule 405.

Rule 405 "establishes the permissible methods of proving character under Rule 404(a)(2)." *United States v. Talamante,* 981 F.2d 1153, 1156 (10th Cir. 1992), *cert. denied,* 507 U.S. 1041 (1993); *see State v. Roy,* 557 A.2d 884, 893 (Vt. 1989). It provides:

(a) *Reputation or Opinion.*—In all cases in which evidence of character or a trait of character of a person is admissible, proof may be made by testimony as to reputation or by testimony in the form of an opinion. On cross-examination, inquiry is allowable into relevant specific instances of conduct.

(b) *Specific Instances of Conduct.*—In cases in which character or a trait of character of a person is an essential element of a charge, claim, or defense, proof may also be made of specific instances of his conduct.

Again, the effective language of this rule is identical to its federal counterpart. *Compare* N.H. R. EV. 405 *with* FED. R. EVID. 405.

The evidence the defendant sought to admit — Chase's prior misdemeanor convictions and the conduct underlying them — constitutes neither reputation nor opinion evidence. Thus, it was admissible under Rule 405 only if Chase's character was an essential element of the defense of self-defense. N.H. R. EV. 405(b); *see Keiser,* 57 F.3d at 857; *compare Lapierre v. Sawyer,* 131 N.H. 609,

612, 557 A.2d 640, 642 (1989) (defendant's character not an element of plaintiff's claim that defendant negligently struck racquetball no longer in play; specific instances of prior unsportsmanlike conduct therefore held inadmissible under Rule 405(b)) *with Panas v. Harakis & K-Mart Corp.*, 129 N.H. 591, 613, 529 A.2d 976, 989 (1987) (evidence that employee security guard had falsely represented himself as a police officer admissible under Rule 405(b) to prove employer's negligent hiring and supervision).

■ To determine whether Chase's character was an essential element of the defense of self-defense, we examine RSA 627:4, the statutory basis for the defense. A victim's aggressive character is not among the elements set forth in RSA 627:4. In a similar context, the Ninth Circuit Court of Appeals explained:

> Even had [the defendant] proven that [the victim] is a violent person, the jury would still have been free to decide that [the victim] was not using or about to use unlawful force, or that the force [the victim] was using was not likely to cause death or great bodily harm, or that [the defendant] did not reasonably believe force was necessary, or that he used more force than appeared reasonably necessary. On the other hand, a successful defense in no way depended on [the defendant's] being able to show that [the victim] has a propensity toward violence. A defendant could, for example, successfully assert a claim of self-defense against an avowed pacifist, so long as the jury agrees that the defendant reasonably believed unlawful force was about to be used against him.

*Keiser*, 57 F.3d at 857; *see also Tice v. State*, 624 A.2d 399, 401 (Del. 1993). Accordingly, evidence of Chase's convictions and the conduct underlying them was inadmissible as substantive evidence because Chase's character was not an essential element of the defense of self-defense. *See Tice*, 624 A.2d at 401–02; *Roy*, 557 A.2d at 893.

The defendant relies on *State v. Lavallee*, 119 N.H. 207, 212–13, 400 A.2d 480, 483–84 (1979), to support a contrary holding. In *Lavallee*, we held that the defendant, who was charged with aggravated assault, by asserting self-defense "put his character in issue at least as to his tendency to commit assault." *Id.* at 212, 400 A.2d at 483. We further stated: "The key issue of fact at trial was whether the defendant was the aggressor or acted in self-defense, an issue on which both the defendant's and the victim's characters or dispositions for assaultive conduct were probative." *Id.* We concluded that the evidence of the defendant's prior aggravated

assault conviction was admissible substantively on this issue. Moreover, we noted that the trial court instructed the jury that it could consider evidence of the victim's reputation for aggressive and hostile behavior on the likelihood that he first assaulted the defendant and on the reasonableness of the defendant's fear for his safety. *Id.* at 213, 400 A.2d at 483.

*Lavallee* represents the common law of this State as it existed in 1979. Thereafter, we adopted the New Hampshire Rules of Evidence. Rule 100 provides that the rules of evidence shall govern all cases the trial of which commences on or after July 1, 1985. It further provides: "To the extent these rules alter or conflict with the common law, the rules shall govern." The relevant central teaching of *Lavallee*, that the victim's character or disposition for assaultive conduct is probative on the issue of whether the defendant was the aggressor or acted in self-defense, is consistent with the rules of evidence and remains good law. *See* N.H. R. EV. 404(a)(2). The *Lavallee* court did not, however, analyze or distinguish the *methods* of proving character. As discussed above, Rule 405(b) limits the use of specific instances of conduct to cases in which character is an essential element of a charge, claim, or defense. Because the victim's aggressive character is not an essential element of the defense of self-defense, evidence of specific instances of the victim's conduct is not admissible under Rule 405(b). To the extent that *Lavallee* holds otherwise, it conflicts with the rules of evidence and is no longer good law. N.H. R. EV. 100.

Although the defendant could not use the proffered evidence substantively, the question remains whether it was admissible for impeachment purposes. The relevant evidentiary rules are New Hampshire Rules of Evidence 608(b) and 609(a). Rule 608(b) provides:

> Specific instances of the conduct of a witness, for the purpose of attacking or supporting the witness' credibility, other than conviction of crime as provided in Rule § 609, may not be proved by extrinsic evidence. They may, however, in the discretion of the court, *if probative of truthfulness or untruthfulness*, be inquired into on cross examination of the witness (1) concerning the witness' character for truthfulness or untruthfulness . . . .

(Emphasis added.) Thus, the rule permitted the defendant to cross-examine Chase only about conduct probative of truthfulness or untruthfulness. *See State v. Hurlburt*, 132 N.H. 674, 675, 569 A.2d 1306, 1307 (1990).

■ The defendant's offer of proof at the bench concerning the conduct underlying Chase's convictions consisted of the two misdemeanor complaints, each of which describes the crime he committed. The complaint for reckless conduct states: "[Chase] recklessly engage[d] in conduct which may have placed Cindy M. Cahill in danger of . . . serious bodily injury by punching out the driver side window of her 87 Merc. Lynx causing the glass to shatter inward on her as she sat in the driver's seat." The complaint for simple assault, arising out of the same incident, states: "[Chase] knowingly cause[d] unprivileged physical contact to Cindy Cahill by striking her in the head." None of this conduct is probative of truthfulness or untruthfulness. *See* 3 J. WEINSTEIN ET AL., WEINSTEIN'S EVIDENCE ¶ 608[05], at 608–75 to –93 (1995). It therefore was inadmissible under Rule 608(b).

Rule 609(a) provides:

> For the purpose of attacking the credibility of a witness, evidence that the witness has been convicted of a crime shall be admitted if elicited from the witness or established by public record during cross-examination but only if the crime (1) *was punishable by death or imprisonment in excess of one year under the law under which he or she was convicted*, and the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the defendant, or (2) *involved dishonesty or false statement*, regardless of the punishment.

(Emphasis added.) At the time Chase was convicted of simple assault and reckless conduct, neither crime was punishable by death or imprisonment in excess of one year. *See* RSA 631:2-a, :3 (1986) (RSA 631:3 amended 1994); RSA 651:2, II(c), III (1986) (amended 1992). Moreover, neither crime involved dishonesty or false statement. *See State v. Norgren*, 136 N.H. 399, 401, 616 A.2d 505, 507 (1992); 3 WEINSTEIN, *supra* ¶¶ 609[04], at 609–49 to –51, 609[06], at 609–87 to –88. Thus, evidence of these crimes was inadmissible under Rule 609(a). The trial court committed no abuse of discretion in excluding it.

The defendant finally argues that the trial court erroneously instructed the jury on the law of self-defense. Although he makes numerous claims of error in the court's instructions, we address only one. The others were not adequately preserved for appeal. *See* SUP. CT. R. 16(3)(b); *Appeal of Town of Newport*, 140 N.H. 343, 355, 666 A.2d 954, 962 (1995); *State v. Devaney*, 139 N.H. 473, 474, 657 A.2d 832, 833 (1995).

The defendant contends that the trial court erred in using the phrase "the one who started the encounter," rather than "the initial aggressor," in describing a person's duty to retreat before using deadly force in self-defense. He refers to RSA 627:4, III, which states in part:

> A person is not justified in using deadly force on another to defend himself or a third person from deadly force by the other if he knows that he and the third person can, with complete safety:
>
> (a) Retreat from the encounter, except that he is not required to retreat if he is within his dwelling or its curtilage and was not *the initial aggressor* . . . .

(Emphasis added.)

We review the court's choice of language according to the following standards:

> A claim that the trial court erroneously instructed or refused to instruct the jury, or refused to answer a jury question in language requested by the defendant, must be evaluated in the context of the entire charge and all of the evidence. We consider the instructions in their entirety to determine whether the trial court adequately stated the relevant law. A court is under no obligation to use specific language requested by a defendant. The trial court has discretion to determine whether or not a particular instruction is necessary to assist the jury in reaching a verdict. We will not reverse the conviction unless the instructions did not fairly cover the issues of law in the case.

*State v. Dedrick*, 135 N.H. 502, 505, 607 A.2d 127, 129 (1992) (citations omitted).

We find no abuse of discretion or error of law in the trial court's use of the phrase "the one who started the encounter" rather than the statutory term "the initial aggressor." In the context of the court's entire instruction, as well as the evidence introduced at trial, we see no meaningful distinction between the two. Thus, we hold that the trial court adequately stated the relevant law.

*Affirmed.*

All concurred.