# THE STATE OF NEW HAMPSHIRE

## SUPREME COURT

**In Case No. 2022-0020, <u>State of New Hampshire v. Ronnie J. Robichaud</u>, the court on June 21, 2024, issued the following order:**

The court has reviewed the written arguments and the record submitted on appeal, and has determined to resolve the case by way of this order.  <u>See Sup. Ct. R.</u> 20(2).  The defendant, Ronnie J. Robichaud, appeals his conviction for misdemeanor driving under the influence (DUI), first offense, <u>see</u> RSA 265-A:2 (2014), following a bench trial in the Circuit Court (<u>Keating</u>, J.).  The defendant argues that: (1) the evidence was insufficient to support his DUI conviction; and (2) his state and federal constitutional rights to due process, produce all proofs favorable, and confrontation were denied by the trial court's decision to hold an <u>ex</u> <u>parte</u> hearing regarding potentially exculpatory evidence.  Because we agree with the State that the evidence presented was sufficient for a DUI conviction and that the defendant's constitutional challenges fail, we affirm.

The following facts are supported by the record or are undisputed.  At approximately 8:10 p.m. on June 15, 2019, a State police officer stopped the defendant in Weirs Beach after observing him driving erratically on a crowded road.  As the officer asked for the defendant's license and registration, he could smell alcohol and observed that the defendant had red, glassy eyes, and spoke with a "thick tongue."  The defendant admitted to having one alcoholic drink shortly before driving, as well as "some beers" earlier in the day.  The officer asked the defendant to step out of the vehicle and perform field sobriety tests, and the defendant consented.  The officer administered a horizontal gaze nystagmus test and observed signs that the defendant was impaired.  The officer then attempted to administer the walk and turn test, but the defendant failed to follow the officer's instructions and the officer stopped the test.  The officer asked the defendant whether he would be able to complete the third test — the "one leg stand" test — and the defendant responded that he would not and that the officer "should arrest him."  The officer then arrested the defendant.  On June 21, 2019, the State charged the defendant with one class B misdemeanor DUI.

On July 8, 2020, the officer, through counsel, intervened in the DUI proceeding and filed a motion <u>in</u> <u>limine</u> and request for a hearing.  According to the defendant, on that same day, the State notified the defendant's attorney via email that the officer involved in the case may have engaged in conduct subject to disclosure under the exculpatory evidence schedule and that such material

may be forthcoming.  See RSA 105:13-d, I (2023) ("The exculpatory evidence schedule shall consist of a list of all current or former law enforcement officers whose personnel information contain potentially exculpatory evidence.").

On July 30, 2020, the Trial Court (Vetanze, J.) held a confidential ex parte hearing attended by an attorney for the State, the officer's counsel, and the officer himself.  The court reviewed the confidential records at issue in camera.  Following the hearing, the court issued a sealed order to the individuals present at the hearing.  It also issued a public order informing the parties that the court had held the ex parte hearing to "assess whether the State ha[d] a duty to disclose possibly exculpatory 'Laurie' material."  See State v. Laurie, 139 N.H. 325 (1995); RSA 105:13-b (2023).  The court explained that, having reviewed the alleged facts and the applicable law, it concluded that the evidence at issue was neither exculpatory nor did it implicate the general credibility of any witness.  The court, accordingly, did not order the State to disclose the evidence to the defendant.  The defendant did not file a motion to reconsider.

The defendant subsequently filed a motion to dismiss on the ground that the trial court's decisions to hold an ex parte hearing and to determine the evidence to be non-exculpatory — without notifying the defendant beforehand — violated the defendant's constitutional rights to due process, to produce all proofs favorable, and to confrontation.  The court denied this motion.  In so doing, the court noted the defendant's right to seek an interlocutory appeal.

The defendant subsequently filed a motion seeking interlocutory appeal. While working with the parties to formulate an interlocutory appeal statement, the Trial Court (Garner, J.) noted that it had offered to re-review the sealed documents, but that the parties had reached an "impasse about the question of how" or "what procedure" the court "might follow in looking at the sealed documents."  The defendant represented that he could not "in good conscience . . . agree to the procedure that's being suggested as far as having [the court] review the material that was submitted as potentially exculpatory or impeaching, and therefore covered by Laurie."  He sought to preserve his objection to his lack of notice of and opportunity to participate in the ex parte hearing — in essence, he objected to the use of an ex parte proceeding under the circumstances.  The defendant subsequently filed an interlocutory appeal, which we declined to accept.

On November 16, 2021, the Trial Court (Keating, J.) held a bench trial and found the defendant guilty.  This appeal followed.

On appeal, the defendant raises two challenges to the trial court's rulings.  First, he asserts that the evidence was insufficient to support his DUI conviction.  Second, he argues that the process the trial court employed to review potentially exculpatory evidence — including the ex parte hearing —

2

violated his constitutional rights to due process, to produce all proofs favorable, and to confrontation as guaranteed by Part I, Article 15 of the New Hampshire Constitution and the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

We first address the sufficiency issue. See Chapman v. Douglas, 146 N.H. 209, 211 (2001) (noting our "established policy against reaching a constitutional issue in a case that can be decided on a non-constitutional ground"). As a threshold matter, the State asserts that the defendant did not fully brief his insufficiency argument on appeal, and thereby waived his sufficiency of the evidence challenge. See Mountain View Park, LLC v. Robson, 168 N.H. 117, 121 (2015). After reviewing the defendant's appellate pleadings, we conclude that he adequately briefed this issue for our review. We now turn to the merits.

To prevail in a challenge to the sufficiency of the evidence, the defendant bears the burden of proving that no rational trier of fact, viewing the evidence in the light most favorable to the State, could have found guilt beyond a reasonable doubt. See State v. Kelley, 159 N.H. 449, 454-55 (2009). The trier of fact "may draw reasonable inferences from facts proved and also inferences from facts found as a result of other inferences, provided they can be reasonably drawn therefrom." State v. Sanborn, 168 N.H. 400, 413 (2015) (quotation omitted). When reviewing the evidence, we examine "each evidentiary item in the context of all the evidence, and not in isolation." State v. Saintil-Brown, 172 N.H. 110, 117 (2019). We review a challenge to the sufficiency of the evidence de novo because it raises a claim of legal error. Id. Here, because the defendant chose to present a case, we review the entire trial record to assess the sufficiency of the evidence. State v. Dion, 164 N.H. 544, 548 (2013).

To convict the defendant of DUI, the State had to prove beyond a reasonable doubt that the defendant drove or attempted to drive a vehicle on a way while he was "under the influence of intoxicating liquor." RSA 265-A:2, I(a); Kelley, 159 N.H. at 452. To prove that the defendant was "under the influence of intoxicating liquor," RSA 265-A:2, I(a), the State had to prove beyond a reasonable doubt that he was impaired to any degree, Kelley, 159 N.H. at 452.

The defendant argues that the State's evidence of impairment was wholly circumstantial and that the evidence was insufficient because it did not exclude all reasonable conclusions other than guilt. See, e.g., State v. Castine, 173 N.H. 217, 220 (2020) (stating that, when evidence as to an element of proof is solely circumstantial, the evidence "must exclude all reasonable conclusions except guilt" (quotation omitted)). However, we agree with the State that the evidence introduced to prove the defendant's impairment, discussed below, was not solely circumstantial. See Kelley, 159 N.H. at 454 (explaining that, in DUI

3

prosecution, officer's direct observations of defendant's behavior and statements constitute direct evidence of impairment).

At trial, the State presented evidence of impairment through the arresting officer, who testified about his direct observations of the defendant's conduct and statements, including the following: (1) the defendant's erratic operation of the vehicle; (2) the odor of an alcoholic beverage within the vehicle; (3) the defendant's thick tongue; (4) the defendant's glassy, red eyes; (5) the defendant's admission to drinking an alcoholic beverage shortly before driving and to drinking earlier in the day; (6) the defendant's performance and behavior during the field sobriety tests; (7) the defendant's multiple requests that the officer "give him a break" because he "was just going up the road"; (8) the defendant's statement that he was "the closest one sober" to go pick up his friend; and (9) the defendant's refusal to take any chemical tests. We conclude that, viewing this evidence in the light most favorable to the State, it was sufficient for a rational trier of fact to find beyond a reasonable doubt that the defendant was impaired to any degree and guilty of DUI. See id. at 455 (finding evidence sufficient to support DUI conviction when, after officer stopped defendant for crossing double yellow line, defendant exhibited signs of impairment, failed field sobriety tests, and admitted to having consumed alcohol); State v. Hull, 149 N.H. 706, 712 (2003) (finding sufficient evidence of intoxication based upon officers' testimony that defendant smelled of alcohol, slurred his speech, had blood shot eyes, swayed while standing, and performed poorly on field sobriety tests, and evidence that defendant refused blood alcohol test).

We turn next to the defendant's constitutional claims. The defendant argues that the procedure utilized by the trial court regarding the potentially exculpatory evidence violated his state and federal constitutional rights to due process, production of all proofs favorable, and confrontation. Specifically, he contends that the procedure was unconstitutional because the court reached a final decision as to whether the evidence should be disclosed following an ex parte hearing, thereby depriving him of notice and an opportunity to be heard. The State argues that the defendant waived his constitutional challenges and asserts that, even if the defendant did not waive these claims, the trial court's procedure complied with RSA 105:13-b and did not violate the defendant's constitutional rights. We assume in the defendant's favor that he did not waive his constitutional claims and turn to a consideration of the merits.

We first address the defendant's arguments under the State Constitution and rely upon federal law only to aid in our analysis. State v. Ball, 124 N.H. 226, 231-33 (1983). Because the defendant's arguments pose questions of constitutional law, our review is de novo. See State v. Benner, 172 N.H. 194, 198 (2019). Although the defendant asserts multiple constitutional rights, we focus on his due process right to disclosure of exculpatory evidence because, under the circumstances, his rights to produce all proofs favorable and to

4

confrontation depended upon that right. Compare Duchesne v. Hillsborough County Attorney, 167 N.H. 774, 777 (2015) (due process guarantees disclosure of "information favorable to the defendant that is material to either guilt or punishment"), with State v. Adams, 133 N.H. 818, 826 (1991) (right to produce all proofs favorable entitles defendant "only to testimony that is both material and favorable to his defense" (emphasis added)); State v. Graf, 143 N.H. 294, 301 (1999) ("To establish a violation of a defendant's right of confrontation, the defendant must show that the trial court's ruling precluding admission of the privileged information prejudiced his defense." (emphasis added)).

"[I]n a criminal case, the State is obligated to disclose information favorable to the defendant that is material to either guilt or punishment." Duchesne, 167 N.H. at 777; see also Brady v. Maryland, 373 U.S. 83, 87 (1963). This obligation arises from a defendant's constitutional right to due process of law and aims to ensure that defendants receive fair trials. Duchesne, 167 N.H. at 777. The duty to disclose encompasses both exculpatory information and information that may be used to impeach the State's witnesses and applies whether or not the defendant requests the information. Id. "Essential fairness, rather than the ability of counsel to ferret out concealed information, underlies the duty to disclose." Id. (quotation omitted).

Although part of the record in this case is sealed, the State has acknowledged that the potentially exculpatory evidence at issue was contained in a police personnel file. RSA 105:13-b governs the confidentiality of police personnel files and "is designed to balance the rights of criminal defendants against the countervailing interests of the police and the public in the confidentiality of officer personnel records." Duchesne, 167 N.H. at 780. This statute "cannot limit the defendant's constitutional right to obtain all exculpatory evidence," id. at 781 (quotation omitted); it merely effectuates that right, see Am. Civil Liberties Union of N.H. v. N.H. Div. of State Police, 176 N.H. ___, ___ (decided Nov. 29, 2023) (slip op. at 8).

As relevant here, RSA 105:13-b, II provides that, "[i]f a determination cannot be made as to whether evidence [in a police personnel file of a police officer who is serving as a witness in any criminal case] is exculpatory, an in camera review by the court shall be required." This provision "covers situations in which there is uncertainty as to whether evidence contained within police personnel files is, in fact, exculpatory." Duchesne, 167 N.H. at 781. The record reflects that this was the situation presented to the trial court. Compare RSA 105:13-b, II, with RSA 105:13-b, I, III. In response, the court reviewed the evidence in question in camera to determine whether it was indeed exculpatory or otherwise "material to guilt or punishment." See RSA 105:13-b, II; Duchesne, 167 N.H. at 777.

5

We observe that RSA 105:13-b does not set forth a specific process — in addition to an in camera review — that must be followed when uncertainty exists regarding whether a police personnel file contains exculpatory evidence. See RSA 105:13-b. Nor do the cases relied upon by the defendant establish a specific constitutionally-required process in this situation. See Duchesne, 167 N.H. at 777-83; Petition of State of N.H. (State v. Theodosopoulos), 153 N.H. 318, 320-22 (2006); Laurie, 139 N.H. at 327-30; Brady, 373 U.S. at 87. On the other hand, we acknowledge that the circumstances of this case are unusual: a third party intervened and filed a motion that triggered the court's review of the potentially exculpatory evidence and the trial court held an ex parte hearing. Cf. Rullo v. Rullo, 121 N.H. 299, 300 (1981) (observing that estate, which alleged that criminal defendant had engaged in trespass and negligence, had no right to intervene in criminal case); Am. Civil Liberties Union of N.H. v. City of Concord, 174 N.H. 653, 658, 663 (2021) (explaining that, in cases involving Right-to-Know Law exemption related to law enforcement records, ex parte in camera hearings may be "used cautiously and rarely" (quotation omitted)). Ultimately, however, we need not decide whether the process used by the trial court was improper, because even if it was, the defendant has failed to show that any error in the trial court's process prejudiced him.

The defendant cannot prevail on his due process claim absent a showing of actual prejudice. See Graf, 143 N.H. at 303; McIntire v. Woodall, 140 N.H. 228, 230 (1995). In the context of due process claims premised upon inadequate notice, we have found proof of prejudice lacking when the appellant failed to utilize a means available to him or her in the trial court proceeding to cure the potential prejudice caused by inadequate notice. See McIntire, 140 N.H. at 230; Petition of Blake, 137 N.H. 43, 48-49 (1993). For example, in McIntire, the appellant claimed that he was prejudiced by inadequate notice of the trial court's intention to hear testimony and decide issues of fact at a scheduled hearing. McIntire, 140 N.H. at 229, 230. We concluded that he had failed to prove he was prejudiced by the inadequate notice in part because he declined the court's offer of an opportunity to present additional evidence at the hearing and failed to request a continuance. See id. at 230; see also Petition of Blake, 137 N.H. at 48-49 (no due process violation where a request for a continuance could have cured any prejudice).

In this appeal, the defendant does not challenge the merits of the trial court's decision not to disclose the records, nor does he ask us to review that decision by reviewing the sealed records de novo. Accordingly, the only remedy that we could grant would be a remand for a second review of the sealed records by the trial court. However, the appellate record reflects that the defendant was already offered such a remedy by the trial court and declined it. He has, therefore, failed to prove actual prejudice. See McIntire, 140 N.H. at 230.

6

We conclude that the defendant has not shown he was in fact prejudiced by the process resulting in non-disclosure of the sealed records. Accordingly, we determine that the flaws, if any, in the trial court's process did not constitute a violation of the defendant's due process or other constitutional rights. See Graf, 143 N.H. at 303. The Federal Constitution offers the defendant no greater protection than does the State Constitution under these circumstances. See id. at 302; Laurie, 139 N.H. at 329-30. We therefore reach the same result under the Federal Constitution as we do under the State Constitution.

Affirmed.

BASSETT and DONOVAN, JJ., concurred; NADEAU, J., retired superior court chief justice, specially assigned under RSA 490:3, II, concurred; HANTZ MARCONI, J., disqualified herself after submission of the case and did not participate in further review of the case.

**Timothy A. Gudas,**
**Clerk**

Distribution:
4th N.H. Circuit Court - Laconia District Division, 450-2019-CR-01463
Honorable Christopher M. Keating
Honorable Melissa B. Countway
Honorable Michael H. Garner
Honorable David D. King
Sven D. Wiberg, Esq.
Audriana Mekula, Esq.
Attorney General
Francis Fredericks, Supreme Court
Sherri Miscio, Supreme Court
File