Rockingham
No. 2002-144

THE STATE OF NEW HAMPSHIRE

v.

MICHAEL AMIRAULT

Argued: March 5, 2003
Opinion Issued: June 6, 2003

*Peter W. Heed,* attorney general (*Nicholas Cort,* assistant attorney general, on the brief and orally), for the State.

*Christopher M. Johnson,* chief appellate defender, of Concord, on the brief and orally, for the defendant.

BRODERICK, J. The defendant, Michael Amirault, appeals his conviction after a jury trial in Superior Court (*Hollman,* J.) on four counts of criminal threatening. *See* RSA 631:4 (1996 & Supp. 2002) (amended 2002). He challenges the trial court's denial of his pre-trial motions for *in camera* review of certain police personnel files. *See* RSA 105:13-b (2001). We vacate the trial court's pre-trial rulings and remand for further proceedings.

The defendant was the subject of an arrest warrant for leaving a drug treatment program to which he had been paroled from the State prison. When the Exeter Police Department received an anonymous tip that he was staying at a friend's apartment in Exeter, three officers went there to arrest him. The defendant's friend allowed the officers to enter his apartment but denied that the defendant was present. Upon hearing a noise behind a closed door, one of the officers attempted to push it open. The defendant emerged holding a knife. He succeeded in exiting the apartment onto a nearby street with the police following. A standoff ensued. The defendant demanded that the police shoot him, saying that he did not want to go back to prison. When the defendant neared the entrance to a trailer park, Sgt. James O'Neil ended the standoff by shooting him. He was then arrested.

During pre-trial discovery and following receipt of certain requested information from the State, the defendant filed a motion for further discovery, seeking, among other things, "a copy of all investigative reports of [the] shooting incident by . . . the Exeter Police Department." The State objected, stating that it had

> provided all statements and interviews related to th[e] incident. Any internal investigation of the incident or of any individual officers is protected by statute. RSA 105:13-b. The State submits that the defense has been provided all pertinent materials. The Exeter Police Department has been advised to make specific inquiries within the personnel files of all the officers for any *Laurie* materials. The police are also advised to review any internal files for any documentation that could be deemed exculpatory and to provide the same to the State. The Exeter Police Department advises that they have complied with those requests. To the extent that internal investigative files are to be reviewed, it should be done pursuant to statute with the Court making its request directly to the law enforcement agency and the Court reviewing the file *in camera.* RSA 105:13-D [*sic*].

The Trial Court (*Abramson*, J.) denied the defendant's motion as moot, based upon the State's response.

The defendant then filed a second motion for further discovery seeking an *in camera* review of "the reports and results from the internal investigation conducted by the Exeter Police Department, relative to the use of force by Sgt. James O'Neil against Mr. Amirault." The State again objected, noting that

> [t]he defendant has been provided everything except, perhaps, an internal memo drawing personal conclusions about the incident. At this time, the State is not certain that such a memo even exists or has been completed at this date.

Without conducting an *in camera* review or holding a hearing on the matter, the Trial Court (*Perkins*, J.) denied the motion, stating that the defendant had not met "the burden of probable cause for such production."

On appeal, the defendant argues that the trial court's refusal to conduct an *in camera* review of the requested material violated his rights under RSA 105:13-b, as well as his right to due process under the State and Federal Constitutions. Because we grant the defendant's requested relief under the statute, we need not consider his constitutional arguments. RSA 105:13-b, which governs the disclosure of information in police personnel files, provides in pertinent part:

> No personnel file on a police officer who is serving as a witness ... in a criminal case shall be opened for the purposes of that criminal case, unless the sitting judge makes a specific ruling that probable cause exists to believe that the file contains evidence relevant to that criminal case. If the judge rules that probable cause exists, the judge shall order the police department employing the officer to deliver the file to the judge. The judge shall examine the file in camera and make a determination whether it contains evidence relevant to the criminal case.

We review a trial court's decisions on the management of discovery and the admissibility of evidence under an unsustainable exercise of discretion standard. *State v. Gaffney*, 147 N.H. 550, 556 (2002). To meet this standard, a defendant must demonstrate that the trial court's rulings were clearly untenable or unreasonable to the prejudice of his case. *Id.*

In order to trigger an *in camera* review of confidential or privileged records, a defendant must establish a "reasonable probability that the records contain information that is material and relevant to his defense." *State v. Gagne*, 136 N.H. 101, 105 (1992). Stated differently, a defendant

bears the burden to establish that there is a "realistic and substantial likelihood that evidence helpful to his defense would be obtained from [an officer's] personnel records." *Gaffney*, 147 N.H. at 556-57. To meet this threshold requirement, a defendant must present a plausible theory of relevance and materiality sufficient to justify review of otherwise protected documents. *State v. Graham*, 142 N.H. 357, 363 (1997).

The State has acknowledged that an internal investigation was conducted concerning the shooting incident involving the defendant. It asserts that he has been provided with all statements and interviews related to the incident with the exception of an internal memo, which it contends may or may not exist, drawing personal conclusions about the incident. Even at oral argument the State could not confirm or deny the memo's existence.

While we are mindful of the defendant's burden of proof to trigger *in camera* review of police personnel records, we are troubled by the tentative and ambiguous nature of the State's disclosure and the difficulty it presents to the defendant to establish the threshold requirements for review. The State argues that an internal memo drawing what it describes as "personal conclusions" about the shooting incident is necessarily a statement of opinion by an officer or group of officers who examined the police records and, therefore, could not be helpful to the defendant. Without knowing whether such a memo even exists, it defies reason to characterize its basis or content.

■ The defendant contends, based upon the State's rather general description, that the internal memo, if it exists, may well contain relevant information as to whether the use of force by the officers was justified in response to the criminal conduct with which he was charged. Indeed, it may shed light on his conduct. The *Gagne* standard for *in camera* review, adopted as appropriate for police personnel files, is not unduly high. *Id.* When records are known to exist and have been generally and fairly characterized, we have not required defendants to articulate with precision the materiality and relevance of the requested information to their defense. *Id.* A plausible theory is sufficient if it provides "some specific concern, based on more than bare conjecture, that, in reasonable probability, will be explained by the information sought" in the records. *Id.*

■ The State contends that the defendant's request for the review of the personnel files is premised upon a "bare conjecture" that the records might contain exculpatory information and, therefore, he has failed to demonstrate that the trial court's refusal to examine them *in camera* was clearly untenable or unreasonable to the prejudice of his case. We disagree. Because an internal investigation was completed and an internal

memo may have been generated concerning the entire incident, both of which would relate to the police officers involved in the defendant's shooting and arrest, we conclude, under the particular and unusual circumstances of this case, that the defendant has established a reasonable probability to trigger an *in camera* review of the requested personnel records.

We therefore remand to the trial court for *in camera* review of the personnel files of the police officers involved in the shooting and arrest of the defendant, including the internal memo, if it exists. The trial court should then determine whether the records contain evidence that would have been "essential and reasonably necessary," *id.* at 364, to the defense at trial. If they do, the trial court should order a new trial unless it finds that the defendant's inability to use the evidence in the first trial was harmless beyond a reasonable doubt. *See id.*

*Vacated and remanded.*

BROCK, C.J., and NADEAU, DALIANIS and DUGGAN, JJ., concurred.