Hooksett District Court
No. 2005-278

PETITION OF THE STATE OF NEW HAMPSHIRE
(State v. Theodosopoulos)

Argued: January 19, 2006
Opinion Issued: March 15, 2006

*Kelly A. Ayotte*, attorney general (*Stephen D. Fuller*, senior assistant attorney general, on the brief and orally), for the State.

*McDowell & Osburn, P.A.*, of Manchester (*Mark D. Morrissette* on the brief and orally), for the defendant.

GALWAY, J. The petitioner, the State of New Hampshire, filed a petition for writ of certiorari pursuant to RSA 490:4 (1997) and Supreme Court Rule 11, challenging a decision of the Hooksett District Court (*Sobel*, J.) granting defendant Thomas Theodosopoulos' motion to compel discovery. We deny the petition.

The record supports the following facts. On October 18, 2004, the defendant was involved in a motor vehicle collision on Route 3, in Hooksett, with a vehicle driven by Jason Defina, an off-duty Hooksett police officer. Police officers from the Town of Hooksett were the first police officers to respond to the accident. However, because the collision involved an off-duty Hooksett police officer, the New Hampshire State Police were contacted and State Trooper David Gagne assumed responsibility for the accident investigation. The defendant was issued a citation for failure to yield. *See* RSA 265:32 (2004). The defendant entered a not guilty plea.

On December 30, 2004, the defendant filed a motion to compel discovery, requesting the State to provide, among other things, "all information, documentation or disciplinary memoranda which would serve as exculpatory evidence either where the information relates to (Officer) Defina's credibility or his use of police vehicles. This request is made pursuant to the *State v. Laurie* decision." The State objected. At the conclusion of a February 14, 2005 hearing, the court granted the defendant's motion to compel and ordered the Hooksett Police Department to give the prosecutor access to Defina's disciplinary or personnel file to "review the file for contents requested by the defendant and then proceed accordingly based on the file review." Following a denial of its February 17, 2005 motion to reconsider, the State filed the instant petition.

██ ██ Certiorari is an extraordinary remedy that is not granted as a matter of right, but rather at the discretion of the court. *Petition of State of N.H.*, 152 N.H. 185, 187 (2005); *see* SUP. CT. R. 11. "We exercise our power to grant the writ sparingly and only where to do otherwise would result in substantial injustice." *Petition of State of N.H.*, 152 N.H. at 187 (citation omitted). Certiorari review is limited to whether the trial court acted illegally with respect to jurisdiction, authority or observance of the law, or unsustainably exercised its discretion or acted arbitrarily,

unreasonably, or capriciously. *Id.*; *cf. State v. Lambert*, 147 N.H. 295, 296 (2001)(explaining unsustainable exercise of discretion standard).

The State asserts that the trial court exceeded its statutory authority by ordering the Hooksett Police Department to turn over Defina's confidential personnel file to the prosecutor without following the requisite procedures set forth in RSA 105:13-b (2001). Specifically, the State contends the defendant failed to establish a reasonable probability that the requested records contain information material and relevant to his defense, which would have then triggered an *in camera* review of the records pursuant to RSA 105:13-b.

Relying upon Part I, Article 15 of the New Hampshire Constitution and *State v. Laurie*, 139 N.H. 325 (1995), the defendant counters that he has a constitutional right to receive exculpatory information, including credibility and impeachment evidence contained in a police officer's personnel file, from the prosecution. The defendant asserts that he is not seeking any and all information contained in Defina's personnel file, which he concedes would implicate RSA 105:13-b. Instead, he argues that his request encompassed only exculpatory information within the purview of *Laurie*. We agree.

In *Laurie*, we held that the defendant was denied due process of law under the State Constitution when the State knowingly withheld exculpatory evidence contained in the confidential employment records of an investigative detective who was testifying for the State at trial. *Laurie*, 139 N.H. at 327. The exculpatory evidence included records that reflected negatively on the detective's character and credibility, which could have been used to impeach his trial testimony. *Id.* at 327. "Essential fairness, rather than the ability of counsel to ferret out concealed information, underlies the duty to disclose." *Id.* at 329 (quotation and citation omitted). The prosecutor bears the responsibility of determining which information must be disclosed to a defendant as exculpatory evidence. *Id.* Moreover, failure of the police to disclose and turn over exculpatory evidence to the defendant is imputed to the prosecutor. *State v. Lucius*, 140 N.H. 60, 63 (1995).

RSA 105:13-b (2001), "Confidentiality of Personnel Files," provides, in pertinent part:

> No personnel file on a police officer who is serving as a witness or prosecutor in a criminal case shall be opened for the purposes of that criminal case, unless the sitting judge makes a specific ruling that probable cause exists to believe that the file contains evidence relevant to that criminal case.

If probable cause exists, the statute requires the judge to conduct an *in camera* review of the file and release only the relevant portions of the file to the parties while the remainder of the file will remain confidential and must be returned to the police department. *Id.*

RSA 105:13-b cannot limit the defendant's constitutional right to obtain all exculpatory evidence. In *State v. Amirault*, 149 N.H. 541 (2003), we distinguished between exculpatory evidence that must be disclosed to the defendant under the State and Federal Constitutions, and other information contained in a confidential personnel file that may be obtained through the statutory procedure set forth in RSA 105:13-b. In *Amirault*, the defendant had been provided all exculpatory information contained in personnel files of investigating police officers. *Amirault*, 149 N.H. at 542. The defendant sought further discovery from the confidential personnel files, including all investigative reports of the shooting. *Id.* In that case, we concluded that in order to obtain the requested materials, the defendant was required to establish a reasonable probability that the requested records were material and relevant to his defense, which then triggered the trial court's obligation to conduct an *in camera* review of the requested records. *Id.* at 543-45.

However, unlike the defendant in *Amirault*, the defendant in this case is not seeking access to all potentially material and relevant information in Defina's personnel file. Nor is he seeking complete discovery of all investigatory work or an examination of the complete file. *See State v. Breest*, 118 N.H. 416, 419 (1978) (prosecutor is not required to disclose everything that might influence a jury, all investigatory work, or prosecutor's complete file). Rather, the defendant's request was limited to exculpatory evidence, related to either Defina's credibility or his use of police vehicles, "pursuant to the *State v. Laurie* decision." As such, the requested information is directly relevant to the central issues in the underlying case and may be admissible for impeachment purposes. Moreover, the State has an obligation to disclose exculpatory evidence relating to a cooperating witness. *See Lucius*, 140 N.H. at 63-64.

Thus, we conclude that to the extent Defina's confidential personnel file contains such information, the defendant is entitled to that exculpatory information under Part I, Article 15 of the State Constitution and *Laurie*. *See Laurie*, 139 N.H. at 330. Furthermore, the trial court properly limited the defendant's access to Defina's personnel file by granting the prosecutor access to the file for the purpose of determining what, if any, exculpatory information is contained in the file that should be provided to the defendant under *Laurie*.

██ Because the defendant is not requesting generalized information that may be contained in Defina's confidential personnel file, the threshold finding of probable cause and subsequent *in camera* review, as set forth in RSA 105:13-b, are not required in this case. *See Amirault,* 149 N.H. at 542-45. Accordingly, the trial court did not exceed its authority by granting the defendant's motion to compel.

*Petition denied.*

BRODERICK, C.J., and DALIANIS and DUGGAN, JJ., concurred.